Oliver E. JOHNSON, Appellant,

v.

John F. LEHMAN, Jr., Secretary of the Navy.

Oliver E. JOHNSON

v.

John F. LEHMAN, Jr., Secretary of the Navy, Appellant.

Nos. 80–2172, 81–1033.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 11, 1982.

Decided May 25, 1982.

Patricia J. Barry, Washington, D. C., for Johnson, appellant in No. 80–2172 and cross-appellee in No. 81–1033.

Whitney Adams, Asst. U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty. at the time the brief was filed, Royce C. Lamberth and Kenneth M. Raisler, Asst. U. S. Attys., Washington, D. C., were on the brief, for Lehman, appellee in No. 80–2172 and cross-appellant in No. 81–1033. Lynne K. Zusman, Washington, D. C., also entered an appearance for appellee.

Before MacKINNON, Circuit Judge, McGOWAN, Senior Circuit Judge, and NORTHROP,* United States District Judge.

Opinion for the Court filed by Senior District Judge NORTHROP.

NORTHROP, Senior District Judge:

This appeal originally involved a challenge to two aspects of the trial judge's assessment of damages rendered upon a jury verdict for appellant/cross-appellee Johnson. Mr. Johnson, an employee of the Naval Sea Systems Command, filed age and race discrimination claims against the Secretary of the Navy stemming from the rejection of his application for the position of financial management assistant.

The claim under the Age Discrimination in Employment Act, 29 U.S.C. § 633a (1975), (ADEA), was tried by a jury and a special verdict was reached to the effect that Johnson had been the subject of wilful discrimination on the basis of his age. The trial judge, after deciding that damages should be determined by the court, ordered a retroactive promotion to the GS–11 level, that of the position sought, back pay, and attorneys' fees and costs. Requests for liquidated damages and an additional promotion to the GS–12 level, the rating attained by the person ultimately selected shortly after undertaking the job position at issue, were denied.

Johnson initially appealed the adverse ruling as to both portions of his requested damages. The challenge with respect to the denial of liquidated damages, however, was abandoned at oral argument.

The Secretary of the Navy noted a cross-appeal based primarily on the contention that it was error to grant a jury trial in an ADEA action brought against a federal entity. Cross-appellant maintains further that the court improperly instructed the jury with respect to the crucial area of plaintiff's burden of proof on the age discrimination claim. In addition to addressing the merits of the cross-appeal, Johnson submits that it should be dismissed on procedural grounds as untimely.

Turning to the last argument first, there is no indication in the record that the lower court abused its discretion in granting the

---

* For the District of Maryland, sitting by designation pursuant to 28 U.S.C. § 294(d).

Secretary's motion for filing a late notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. We look next then to the merits of the cross-appeal as it is there that the dispositive issues are presented.

The Secretary asserts that we must reverse and remand for a court trial in view of *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), handed down between the trial and this appeal, in which the Supreme Court ruled that in an ADEA action a federal employee is not entitled to a jury trial. The *Nakshian* rule should be applied retroactively, the Navy contends, for two reasons: first, because the ability of the judge to conduct a proceeding jury or nonjury is a question of jurisdiction and a rule of law pertaining to jurisdiction can never be limited to prospective application, and secondly, because there is no sound reason in this particular case to deviate from the general rule requiring an appellate court to follow the law in effect at the time of its decision. Johnson counters that an examination under the factors set out in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), for identifying an exceptional case warranting only prospective application of a changed rule of law leads to the ultimate conclusion that the jury's verdict should be left intact.

Preliminarily, it is clear that *Nakshian* establishes that a federal employee is not entitled to a jury trial in an ADEA suit. The question of what does or does not constitute a matter of jurisdiction, however, is rarely clear. In view of this and because it is not essential to a resolution of the appeal, we will not treat the issue of whether a trial judge acts without jurisdiction or merely commits an error of law when he grants a jury trial in an inappropriate situation.

■ It is well-established that an appellate court must rule in accordance with the law in effect at the time of its decision. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 486 n.16, 101 S.Ct. 2870, 2879 n.16, 69 L.Ed.2d 784 (1981), *citing, Thorpe v. Housing Authority of the City of Durham*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), and, *U.S. v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801). An exception may be made, however, where retroactive application presents a threat of "manifest injustice." *Gulf Offshore Co. v. Mobil Oil Corp., supra* 101 S.Ct. at 2879 n.16, *citing, Bradley v. School Board of City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).

Although the Supreme Court has not provided guidelines for determining whether a case falls within the "manifest injustice" exception, it has on a number of occasions ruled on the applicability of the exception to particular circumstances. Most recently, in *Gulf Offshore Co. v. Mobil Oil Corp., supra*, subsequent to a trial court's denial of a request for a particular jury instruction the Supreme Court held in another case that such an instruction was appropriate. Thereafter, on appeal the Supreme Court found no "manifest injustice" in applying its intervening decision retrospectively in the *Gulf Offshore* case in that, "the change [did] not extinguish a cause of action but merely require[d] a retrial on damages before a properly instructed jury." *id.* 101 S.Ct. at 2879 n.16.

In two other instances in which a lower court's decision was cast in doubt by a change of law occurring while the case was on appeal the Supreme Court held, similarly, that there was no injustice in ordering a retroactive application of the new law. In *Thorpe v. Housing Authority of the City of Durham, supra*, subsequent to the Supreme Court of North Carolina's affirmance of a lower court's summary eviction order and the granting of certiorari by the United States Supreme Court, the federal regulations were modified to make notice and an informal hearing a prerequisite to formal eviction proceedings. *Bradley v. School Board of City of Richmond, supra*, involved the enactment of a statute permitting recovery of attorney's fees which occurred between the United States Court of Appeals for the Fourth Circuit's reversal of an award of fees and an appeal from that

decision. Focusing on the impact upon the rights of the parties adversely effected by the change, the Supreme Court found that neither case entailed sufficient infringement to warrant an exception to retroactive application.

In a somewhat different procedural context, in *Chevron v. Huson Oil, supra,* the Court gave an indication of the necessary magnitude of the adverse impact on a party's rights to result in a departure from retroactive application. There, a federal district court dismissed an action as time-barred relying on a Supreme Court decision changing the statute of limitations which was handed down after the *Chevron* suit was filed, but before trial. The action had been instituted in a timely manner, however, under the law existing at the time. The Supreme Court reversed the dismissal finding retrospective application of the new statute of limitations inappropriate in that it, "would deprive the respondent of any remedy whatsoever." *id.* 404 U.S. at 109, 92 S.Ct. at 356.

A retroactive application of the *Nakshian* holding here would certainly not effect an injustice of such magnitude. Rather, this is comparable to the situation in *Gulf Offshore* where retroactive application did not extinguish a cause of action, but only necessitated a retrial. Admittedly, Johnson may suffer the expense and inconvenience of relitigating his claim.[1] He will not, however, be confronted with any unfair change in his substantive rights or obligations.

It is worthy of note that the Seventh Circuit held in *Dasho v. Susquehanna Corp.,* 461 F.2d 11 (7th Cir.), *cert. denied,* 408 U.S. 925, 92 S.Ct. 2496, 33 L.Ed.2d 336 (1972), that, where a jury trial was initially denied in a shareholders' derivative suit, and then between a court trial and the appeal the Supreme Court announced that a plaintiff was entitled to a jury in such an action, the new rule should be applied retroactively. The case was remanded for a retrial.[2]

■ In summary, we detect no threat of "manifest injustice" in applying the holding of the *Nakshian* case retroactively to preclude a trial by jury in this case. Accordingly, we must reverse and remand for a court trial.

Although the precise issue will not arise on remand, we feel, nonetheless, that we should respond to cross-appellant's assertion of error in one of the trial court's jury instructions. It is the Secretary's position that the lower court erred when it instructed the jury that if it found that "the Navy violated its own regulations in filling this position or failed to follow its regulations in filling this position, you may find that plaintiff was discriminated against because of his age in this promotion action," in that it permitted a finding of age discrimination based solely on the failure of the Navy to follow its own hiring procedures. We agree with the Secretary that this instruction does not properly reflect the burden of proof of an ADEA plaintiff.

In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Court established the formula for the burden of proof in a discrimination suit brought under Title VII of the Civil Rights Act of 1964. The Court offered a more detailed explanation of the requisite proof with respect to the defendant's intent in *International Brotherhood of Teamsters v. U. S.,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Referring specifically

---

1. The trial judge will have to determine whether he can rule on the age discrimination claim on the record made at trial. In addition, there remains a viable race discrimination claim.

2. The *Dasho* decision was reached upon an examination of the facts under the three factors set out in *Chevron v. Huson Oil Co., supra,* namely, (1) the foreseeability of the change; (2) the impact on the new law of refraining from giving it retroactive effect; and (3) the overall inequity of applying the change retroactively.

However, as alluded to earlier, *Chevron* is not exactly on point in that it did not involve a change of law occurring while an appeal was pending. In light of that procedural distinction, we do not feel that *Chevron* provides as good an indication of the Supreme Court's position on this issue as the cases we have cited in which the change occurred between trial and appeal. We find it unnecessary then to utilize the *Chevron* three-prong test. We nonetheless concur in the result.

to the category of "disparate treatment" discrimination suits,[3] such as we have here, the Court stated that, "[p]roof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment. [citations omitted]." *id.* at 336 n.15,[4] 97 S.Ct. at 1854 n.15.

A number of courts have found it appropriate to apply Title VII principles by analogy to ADEA cases in various areas, including that of burden of proof. *See, e.g., Sutton v. Atlantic Richfield Co.,* 646 F.2d 407 (9th Cir. 1981); *Harping v. Continental Oil Co.,* 628 F.2d 406 (5th Cir. 1980), *cert. denied,* 454 U.S. 819, 102 S.Ct. 100, 70 L.Ed.2d 90 (1981); *Kennedy v. Whitehurst,* 509 F.Supp. 226 (D.D.C.1981); *Braswell v. Kobelinski,* 428 F.Supp. 324 (D.D.C.1976). In view of the similarity of the ultimate inquiry in Title VII and ADEA actions, that is, whether the action complained of was based on merit or on the impermissible consideration of other factors, we embrace this position and follow Title VII precedent in this instance.

■ Thus, contrary to the directive of the lower court, a finding of a failure on the part of the prospective employer to follow its own regulations and procedures, alone, may not be sufficient to support a finding of age discrimination. Surely, the adherence to or departure from internal hiring procedures is a factor that the trier of fact may deem probative and choose to consider in determining the true motivation behind the hiring decision of the prospective employer. But, as *International Brotherhood of Teamsters* made clear, it is essential that the claimant establish "discriminatory motive."

For the reasons stated, the judgment of the District Court is reversed and the case

remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

---

3. The Court defined a "disparate treatment" situation as one in which "[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." This type of discrimination suit is distinguished from one based on a "disparate impact" claim—one involving "employment practices that are facially neutral in their treatment of different groups but that in fact

fall more harshly on one group than another." *id.* at 336 n.15, 97 S.Ct. at 1854 n.15.

4. A claimant proceeding on a "disparate impact" theory, on the other hand, need not prove discriminatory motive in order to prevail. *id.; Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971).