**William H. CUDDY, Appellant,**

v.

**Gerald P. CARMEN, Administrator, General Services Administration.**

**No. 81–1211.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 13, 1982.

Decided Dec. 3, 1982.

William H. Cuddy, Hartford, Conn., pro se.

Diane M. Sullivan, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., and Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee. Kenneth M. Raisler, Asst. U.S. Atty., Washington, D.C., entered an appearance for appellee.

Before ROBINSON, Chief Judge, and WRIGHT and WALD, Circuit Judges.

Opinion for the court filed by Circuit Judge J. SKELLY WRIGHT.

J. SKELLY WRIGHT, Circuit Judge:

William H. Cuddy, appellant, sued the General Services Administration (GSA), appellee, on the ground that it willfully and knowingly discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (1976 & Supp. IV 1980). The District Court, over the government's objection, ordered the case to jury trial. The court instructed the jury that plaintiff had the burden of proving by a preponderance of the evidence that age was the "determining" factor in defendant's decision-making. The jury returned a verdict in favor of the government.

Cuddy appeals the adverse jury verdict, contending that the District Court erroneously instructed the jury regarding the standard for proving an ADEA violation and that the preponderance of the evidence, despite the jury's verdict, was in his favor. The government disputes both contentions, and also argues that the District Court erred in ordering the case to jury trial. Because we agree that the case should not have been tried to a jury, we remand to the District Court for entry of findings of fact and conclusions of law consistent with the principles set forth in this opinion.

## I. THE FACTS

Appellant worked for 38 years in the private sector of the communications industry (for New England Telephone Company). In anticipation of his compulsory retirement (at age 65), appellant, who wishes to continue working for as long as his health permits, filed an application with the federal government (in 1966) for a position as a telecommunications specialist. At that time, he received his first Civil Service Commission (CSC) rating—GS–13.[1] He renewed his eligibility each year thereafter, and he made repeated inquiries into openings whenever they were announced by CSC.[2]

In 1975 appellant was placed on the Certificate of Eligibles for a GS–13 communications specialist position. In February of that year, the Automatic Data and Telecommunication Service (ADTS), a component part of GSA, advertised a GS–13 communications specialist position. Appellant diligently contacted persons at GSA to assure his consideration for this position. First, he visited Mr. Robert Schoenfeld, a Personnel Management Specialist at GSA, who explained the CSC certification process. Second, he returned his signed certification for the position to Mr. Schoenfeld. Third, he visited with Mr. Schoenfeld and discovered that he was among three remaining outside candidates eligible for the job, and that only six persons total were up

---

1. The GS–13 level qualified appellant for senior-level communications specialist positions. Non-government employees must take the CSC exam to qualify for positions as outside CSC applicants.

2. Appellant applied for positions in Boston, New York, and Washington. The positions in Boston and New York were on the mid-level register, but appellant applied because of the known difficulty of being certified for senior-level positions. Brief for appellant at 3. Appellant asserts that he was discriminated against several times, but that he had no cause of action since these acts occurred before the ADEA was amended to allow suits against the government. See note 17 infra and accompanying text.

for consideration.[3] Fourth, he met with the hiring supervisor, Mr. Albert Treichel, and other GSA officials several times before the final decision was made.[4]

Appellant's signed certification was forwarded, along with the names of the other eligible candidates, to Mr. Treichel on May 20, 1975. On May 22 the agency's merit promotions panel referred the names of the highest and best qualified applicants to Mr. Treichel. On June 5, 1975 Mr. Treichel selected Mr. Robert Daley, a current employee of GSA, for the position.

Appellant claims that GSA discriminated against him because of his age. In 1975, when he applied for the position, appellant was 64 years old—27 years older than the ultimate selectee. During appellant's long career, which included four years as a Signal Officer in World War II, he had been a supervisor in plant assignments and operations, a specialist in planning systems cutovers, and a coordinator of other Bell System departments with his department's operations. In applying for government jobs he had scored 101/104 points—the highest of all six eligible candidates—on the civil service exam. By contrast, Mr. Daley, the ultimate selectee, had about fifteen years of private sector experience (most as a cable splicer and repairman), fourteen months of non-supervisory experience as a GS–12 communications specialist, and about a year as

manager of the government's "10/7 conversion" project.[5] Mr. Daley was the youngest of all the candidates,[6] was next to the lowest in job rating,[7] and, along with appellant, had the lowest performance rating.[8]

GSA initially asserted that appellant was equally considered for the communications specialist position.[9] Later, Mr. Treichel, the hiring supervisor, claimed that he did not remember seeing appellant's certificate of eligibility at the time he made the selections, and therefore that he could not purposefully have discriminated against appellant.[10] But Mr. Treichel did admit to being aware of appellant's age and background (from their earlier meeting),[11] and openly conceded that "[a]ge is a minor consideration to selection, but is not the sole motivating factor." [12] He testified that he selected Mr. Daley for the position because the latter was familiar with GSA operations, could be immediately productive, and would require the least amount of training.[13] But Mr. Joseph Daniel, Director of GSA's Equal Employment Opportunity Division, reported that he could not agree with the decision because age "was in fact a selection factor." [14]

At trial the District Court, over the government's objection, ordered the case to a jury. The court instructed the jury that:

In order to prove his claim of age discrimination the burden is on the plaintiff

---

3. Originally, there were six outside candidates. But two candidates declined consideration for the position and one failed to respond to the notice of availability. Only three names were forwarded to the agency's merit promotions panel. Brief for appellee at 2–3. There were also three career government employees eligible, for a total of six.

4. These meetings apparently occurred on April 2, 1975, April 17, 1975, May 27, 1975, and May 28, 1975. Brief for appellant at 12.

5. The "10/7 conversion" is a project to improve the government telecommunication system, and involves a change from 10-digit to 7-digit dialing. Over 100 federal agencies and one million telephones are involved, and the project consists of transferring over 55 major switches and 2,000 subsidiary switches.

6. Besides appellant, the other four candidates ranged from 40 to 52 years in age.

7. Selectee's rating was a 46; appellant's was only a 42. The four other candidates had ratings of 48, 50, 52, and 53.

8. Selectee and appellant were rated 2 on the performance factor. The other candidates were rated 4, 5, 5, and 8.

9. See Letter from H. Gray, Acting Personnel Director, to W.H. Cuddy (Aug. 18, 1975) ("We have considered your qualifications for a recent GS–393–13 Communications Specialist position."), Appendix (App.) at 11.

10. App. at 21.

11. App. at 24.

12. App. at 23–24.

13. App. at 24.

14. App. at 22a.

to establish by the preponderance of the evidence, as I have already explained that term to you, that he was discriminated against by the Defendant because of his age and that as a result he was not selected for the position of a Communications Specialist GS–13.

Now, the Plaintiff's claim, as I said, is that he was not selected because the Defendant considered him to be too old and preferred a younger person and that such action constitutes prohibited discrimination.

Ladies and gentlemen, if you find the Plaintiff's age was the determining factor considered by the Defendant in its decision to select someone other than the Plaintiff then you are entitled to find that the Defendant discriminated against the Plaintiff by virtue of age. On the other hand, if you find that the Defendant made its decision to appoint someone other than the Plaintiff to the position in question for a reason or reasons other than age of the Plaintiff and the age of the Plaintiff was not the determining factor in that selection then your verdict must be for the Defendant.

Following this instruction, the jury returned a verdict for the government, find-ing that no violation of the ADEA had been proved.

## II. Proof of ADEA Violations

Congress passed ADEA in 1967 to protect older members of the nation's workforce from discrimination premised on age differences.[15] *Lorillard v. Pons,* 434 U.S. 575, 577, 98 S.Ct. 866, 868, 55 L.Ed.2d 40 (1978). As originally enacted, ADEA applied only to employees in the private sector; it prohibited employers from taking adverse employment action "because of" a protected worker's age.[16] 29 U.S.C. § 623 (Supp. IV 1980). In 1974 Congress amended ADEA to bring federal employees and applicants for federal positions under the Act's protective umbrella.[17] Section 633a requires federal employment decisions to "be made free from any discrimination based on age." 29 U.S.C. § 633a (Supp. IV 1980). This section did not change the standard for establishing an ADEA violation, but simply extended the procedures and remedies available for vindicating age discrimination claims to employees of and applicants to the federal government.[18]

To make out a prima facie case of age discrimination against either government or private employers, a plaintiff must demonstrate facts sufficient to create a rea-

15. Congress sought to prohibit "arbitrary age discrimination." *See* 29 U.S.C. § 621(a)(2), (4) (1976) ("Congress hereby finds and declares that * * * (2) the setting of arbitrary age limits regardless of potential for job performance has become a common practice * * *; (4) the existence * * * of arbitrary discrimination in employment because of age burdens commerce * * *."). In the hearings on ADEA, Secretary of Labor Wirtz stated: "It is made clear throughout the Bill that the prohibition is of 'discrimination' in the sense of 'arbitrary age discrimination' * * *." *Age Discrimination in Employment: Hearings on S. 830 and S. 788 Before the Subcomm. on Labor and Public Welfare,* 90th Cong., 1st Sess. 36, 39 (1967).

For further discussions of the problems of age discrimination and of the efforts Congress took to remedy these problems, *see Legislative History of the Age Discrimination in Employment Act,* U.S. Equal Employment Opportunity Commission (1981) (EEOC compilation of ADEA's entire legislative history). *See generally* 3 A. Larson & L. Larson, Employment Discrimination §§ 98.10–.53 (1981); Note, *Age Discrimination and the Disparate Impact Doctrine,* 34 Stan.L.Rev. 837 (1982); Note, *The Age Discrimination in Employment Act of 1967,* 90 Harv.L.Rev. 380 (1976).

16. The Act protects workers who are between the ages of 40 and 70. 29 U.S.C. § 631(a) (Supp.IV 1980). It extends its prohibition to refusals to hire as well as to discharges and other forms of discrimination. 29 U.S.C. § 623(a)(1) (1976).

17. This explains why appellant could not pursue the alleged overt discrimination that occurred in Boston and New York before 1974. *See* note 2 *supra.*

18. *See* S.Rep. No. 93–690, 93d Cong., 2d Sess. 251–252, *reprinted in* [1974] U.S.Code Cong. & Ad.News 2811, 2849–2850 ("The committee expects that expanded coverage under the Age Discrimination in Employment law will remove discriminatory barriers against employment of older workers in government jobs at the Federal and local government levels as it has and continues to do in private employment.").

sonable inference that age discrimination was "a determining factor" in the employment decision.[19] Such an inference is created if the plaintiff shows that he (1) belongs to the statutorily protected age group (40–70), (2) was qualified for the position, (3) was not hired, and (4) was disadvantaged in favor of a younger person.[20] *See Sutton v. Atlantic Richfield Co.,* 646 F.2d 407 (9th Cir.1981); *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir.1979). *Cf. Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (analogous elements under Title VII); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (same). Once a prima facie case has been established, the employer has the burden of producing evidence tending to show that the applicant was denied employment for a legitimate, nondiscriminatory reason.[21] If the employer does so, and if his evidence is credible, the plaintiff must show by a preponderance of the evidence that the employer's asserted legitimate reason is merely pretextual. *See, e.g., Tribble v. Westinghouse Electric Corp.,* 669 F.2d 1193, 1196 (8th Cir.1982), *petition for cert. filed,* 50 U.S.L.W. 3984 (U.S. May 29, 1982); *Douglas v. Anderson,* 656 F.2d 528, 533 (9th Cir. 1981). Once this stage is reached, the order and allocation of proof has served its purpose of bringing "the litigants and the court expeditiously to [the] ultimate question" of discrimination. *Burdine, supra,* 450 U.S. at 253, 101 S.Ct. at 1093. The plaintiff, who at all times retains the burden of persuasion, must then show by a preponderance of the evidence that age was "a determining factor" in the employer's decision.[22] In other words, plaintiff must prove by a preponderance of the evidence that age made a

---

**19.** While this court has not squarely addressed the question, other circuits have uniformly decided that an ADEA plaintiff must prove that age was "a determining factor" in the employment decision challenged. *See, e.g., Loeb v. Textron, Inc.,* 600 F.2d 1003, 1019 (1st Cir. 1979) (ADEA plaintiff must prove that age was "determining factor" in adverse employment decision); *Bentley v. Stromberg-Carlson Corp.,* 638 F.2d 9, 12 (2d Cir.1981) (same); *Smithers v. Bailar,* 629 F.2d 892, 897 (3d Cir.1980) (same); *Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109, 1112 (4th Cir.1981) (same); *Marshall v. Airpax Industries, Inc.,* 595 F.2d 1043, 1044 (5th Cir.1979) (same); *Laugesen v. Anaconda Co.,* 510 F.2d 307, 316–317 (6th Cir.1975) (same); *Kephart v. Institute of Gas Technology,* 630 F.2d 1217, 1222 app. (7th Cir.), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981) (same); *Tribble v. Westinghouse Electric Corp.,* 669 F.2d 1193, 1196 (8th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 1767, —— L.Ed.2d —— (1982) (same); *Kelly v. American Standard, Inc.,* 640 F.2d 974, 984 (9th Cir.1981) (same); *Kentroti v. Frontier Airlines, Inc.,* 585 F.2d 967, 974 (10th Cir.1978) (same) (by implication); *Anderson v. Savage Laboratories, Inc.,* 675 F.2d 1221, 1224 (11th Cir.1982) (same).

This "determining" factor standard can be found in the legislative history. *See* S.Rep. No. 723, 90th Cong., 1st Sess. 7 (Nov. 4, 1967) ("The purpose of this legislation, simply stated, is to ensure that age, within the limits prescribed herein, is not a determining factor in a refusal to hire."). *See also* 113 Cong.Rec. 31255 (1967) (statement of Sen. Javits); S.Rep. No. 95–493, 95th Cong., 1st Sess. 2, 3, *reprinted in* [1978] U.S.Code Cong. & Ad.News 504, 506. The Department of Labor has consistently interpreted the statute to ensure that age was not a "determining" factor in employers' decisions. 29 C.F.R. § 860.103(c) (1981).

**20.** A prima facie case raises an inference of discrimination because the conduct at issue is presumed to be based on consideration of impermissible factors and, absent *any* evidence to the contrary, can also be presumed to be a "determining" cause of the discrimination. *See Smithers v. Bailar, supra* note 19, 629 F.2d at 895.

**21.** *See Sutton v. Atlantic Richfield Co.,* 646 F.2d 407 (9th Cir.1981); *Loeb v. Textron, Inc., supra* note 19; *cf. Board of Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978). If the employer is silent and the trier of fact believes plaintiff's evidence, plaintiff is entitled to a directed verdict. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). But defendant's burden is only one of production, not of persuasion.

**22.** The District Court instructed the jury that plaintiff had to prove by a preponderance of the evidence that age was "the determining factor" in the employment decision. *See* text following note 14 *supra.* While our disposition of this appeal moots appellant's challenge to this instruction, the substitution of the definite article "the" for the indefinite article "a" carries the potential for serious misapplication of the Act. A plaintiff is entitled to prevail even though age is not the *sole* factor in the employment decision. *See Kelly v. American Stan-*

difference in the employer's decision not to hire him.[23]

The manner in which this order and allocation of proof becomes functional can be seen when applied to the facts of this case. Appellant established a prima facie case by showing (1) that he was 64 years old, (2) that he was certified for the position, (3) that he was not hired, and (4) that the ultimate selectee was only 37 years old. The employer then met its burden of producing evidence by showing legitimate reasons why the selectee was the best qualified: that the selectee was familiar with

---

dard, Inc., supra note 19, 640 F.2d at 984–985; C. EDELMAN & I. SIEGLER, FEDERAL AGE DISCRIMINATION IN EMPLOYMENT LAW 188 & n.360 (1980). The District Court's use of the definite article "the" suggests that age must be the only, or at least the most important, factor in the decision. This implication is both incorrect and dangerous. A plaintiff need only show that age was "a determining factor" in the employment decision.

In a recent Third Circuit case, the District Court had found that age "was not the determinative factor," and appellant challenged the propriety of that standard for evaluating the evidence before it. Smithers v. Bailar, supra note 19, 629 F.2d at 896. The Court of Appeals considered appellant's argument that use of the word "the" was error and acknowledged that the District Court's formulation "would have been more clear if it had used the indefinite rather than the definite article." Id. Examining the entirety of the District Court's findings, however, the court held that the opinion as a whole reflected that the District Court implicitly had applied the proper rule of law, as indicated by the trial court's elaboration of its analysis and citations to other cases in which the correct test was explained. Id. at 897. In the instant case, the District Court offered no such embellishment that might clarify for the jury what the court intended the standard to be. See also Spagnuolo v. Whirlpool Corp., supra note 19, 641 F.2d at 1111–1112 (rejecting employer's argument that failure to charge jury that "age must have been the determinative factor" constituted error) (emphasis in original).

**23.** The courts interpreting the standard of "a determining factor" have further explained it through various reformulations. See, e.g., Loeb v. Textron, Inc., supra note 19, 600 F.2d at 1019 ("determining factor" means that, but for motive to discriminate, employee would not have been discharged); Bentley v. Stromberg-Carlson Corp., supra note 19, 638 F.2d at 11–12 ("determining factor" means "factor that made a difference * * * in the sense that 'but for' his employer's motive to discriminate against him because of age, he would not have been discharged"); Smithers v. Bailar, supra note 19, 629 F.2d at 89 ("determining factor" means age "played a part" in decision, even if nondiscriminatory reasons were more compelling); Spagnuolo v. Whirlpool Corp., supra note 19, 641 F.2d at 1112 (determining factor means but for causation); Haring v. CPC International, Inc., 664 F.2d 1234, 1239–1240 (5th Cir.1981) (age consideration made a difference to decision, citing Loeb v. Textron, Inc.); Laugeson v. Anaconda Co., supra note 19, 510 F.2d at 317 (plaintiff may recover if age "made a difference" in the decision); Kephart v. Institute of Gas Technology, supra note 19, 630 F.2d at 1222 (determining factor means but for causation); Cleverly v. Western Electric Co., 594 F.2d 638, 640 (8th Cir.1979) (approving District Court's use of "in fact made a difference" reformulation); Kelly v. American Standard, Inc., supra note 19, 640 F.2d at 984 (determining factor means but for causation); Kentroti v. Frontier Airlines, Inc., supra note 19, 585 F.2d at 974 (citing Laugeson's one factor that "makes a difference" reformulation); Anderson v. Savage Laboratories, Inc., supra note 19, 675 F.2d at 1224 (plaintiff must prove age consideration made a difference to decision).

Though the courts vary their reformulations slightly, we can discern no immediate logical difference between them. The notion of "but for" causation—or causation-in-fact—is a basic, threshold issue of plaintiff's action; an act is typically not regarded as a "but for" cause of an event if the event would have occurred without it. See W. PROSSER, LAW OF TORTS 236–241 (4th ed. 1971). Thus, the "but for" reformulation is no more than the traditional factual inquiry into whether consideration of the impermissible criterion made a difference toward causing the adverse action to occur.

These reformulations arise from the statutory scheme itself. Differentiation "because of" age is unlawful, 29 U.S.C. § 623(a) (Supp. IV 1980), but not differentiation attributable to "reasonable factors other than age." 29 U.S.C. § 623(f)(1) (Supp. IV 1980). A transgression arises only if age contributed to the employer's action—so that the differential cannot be ascribed to influences "other" than age. If age is what tips the scale in an adverse employment decision, a violation of the Act has occurred. Conversely, if reasonable and lawful factors dictate and support the employer's decision, additional consciousness of age is not itself interdicted by the Act. The courts agree that age need not be the sole factor, or even the most compelling; it simply must be a consideration that made a difference in shaping the outcome. See C. EDELMAN & I. SIEGLER, supra note 22, at 188 & n. 360.

GSA operations, that the selectee could be immediately productive, and that the selectee would require the least amount of training. This shifted the burden back to plaintiff-appellant to show pretext and to carry the ultimate burden of persuasion. Appellant attempted to carry this burden with direct evidence that age was a selection factor—the statements of Mr. Treichel and Mr. Daniel—and with circumstantial evidence about his, the selectee's, and the other applicants' qualifications. The trier of fact then had to weigh this evidence and determine whether plaintiff had proven by the preponderance of the evidence that age was a determining factor in the decision.

■ The District Court submitted this question to a jury. The jury found that age was not a determining factor in the decision. But subsequent to the jury's verdict the Supreme Court ruled that, although a person who brings an action against a private employer under ADEA *does* have the right to a jury trial, a *federal* employee or job applicant does *not* have that right. *Lehman v. Nakshian,* 453 U.S. 156, 165, 101 S.Ct. 2698, 2704, 69 L.Ed.2d 548 (1981). This court, in *Johnson v. Lehman,* 679 F.2d 918 (D.C.Cir.1982), held that there was no manifest injustice in applying *Nakshian* retroactively to that ADEA case.[24] For the reasons articulated in *Johnson,* we reach the same conclusion here. Therefore, the District Court erred in ordering the case to jury trial over the government's objection, and the jury's verdict must be vacated.

Whether appellant proved by a preponderance of the evidence that age was a determining factor in the employment decision is now properly a question for the court. On remand, the District Court must enter findings of fact and conclusions of law on this issue.[25] It can base these findings and conclusions on the trial record, or, in its discretion, it can ask for more evidence on the issue. In any event, when weighing the evidence the District Court must keep in mind the difficulties plaintiffs face in proving ADEA violations. Employees and applicants for employment have great informational disadvantages: they cannot reach into the minds of decisionmakers, and therefore they usually can gather only circumstantial evidence of discriminatory motives.[26] Hence, the trier of fact should take special care to require of plaintiff only that he present sufficient evidence to allow a reasonable person to draw from it the inference of the fact to be proved. C. MCCORMICK, HANDBOOK OF THE LAW OF EVIDENCE § 338 (2d ed. E. Cleary 1972). *See generally* Mendez, *Presumptions of Discriminatory Motive in Title VII Disparate Treatment Cases,* 32 STAN.L.REV. 1129 (1980). Plaintiff-appellant should only have to show that age was a determining factor, as earlier defined, in the government's decision to hire someone else by a preponderance of the evidence.[27]

---

**24.** *Nakshian* held that Congress did not intend "clearly and unequivocally" to confer a right to trial by jury on ADEA plaintiffs proceeding against the federal government. In *Johnson v. Lehman,* 679 F.2d 918 (D.C.Cir.1982), this court did not address the issue whether this holding constituted a matter of a trial court's jurisdiction, *id.* at 920–921, which always requires retroactive application. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1980). Instead, it followed the well established rule that an appellate court will apply the law in effect at the time of decision, unless manifest injustice is threatened—the rule articulated in *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Like the *Johnson* court, we find no such threat.

**25.** In this case, the hiring supervisor admitted that "[a]ge is a minor consideration to selection, but is not the sole motivating factor." App. at 23–24. The dispositive question on remand, therefore, should be whether this "minor consideration," together with all the other evidence, amounted to a factor that made a difference to the outcome.

**26.** Typically, they must rely on such evidence as differential treatment, inconsistent records, or statistical evidence of discrimination to create the necessary inferences. *See* B. SCHLEI & P. GROSSMAN, EMPLOYMENT DISCRIMINATION LAW 1153–1155 (1976).

**27.** This would satisfy the third prong of the *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), test as it is applied to age discrimination cases.

### III. CONCLUSION

Because we find that the District Court erred in ordering the case to a jury, we remand for entry of findings of fact and conclusions of law consistent with the principles set forth in this opinion. In so remanding, we remind the District Court that ADEA is remedial and humanitarian legislation, and that it should be interpreted to effectuate the congressional purpose of ending age discrimination. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 765–766, 99 S.Ct. 2066, 2076, 60 L.Ed.2d 609 (1978) (Blackmun, J., concurring). The Act seeks to promote employment of older persons based on their ability rather than their age. Lower courts must be cognizant of this underlying policy in deciding whether plaintiffs have carried their ultimate burden, and such courts must be chary of creating walls too steep for meritorious claimants to climb.

The judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*