William H. CUDDY, Plaintiff,

v.

Gerald P. CARMEN, Administrator,
General Services Administration,
Defendant.

Civ. A. No. 79–1249.

United States District Court,
District of Columbia.

Feb. 6, 1984.

William H. Cuddy, pro se.

Asst. U.S. Atty., Diane Sullivan, Washington, D.C., for defendant.

## MEMORANDUM, FINDINGS OF FACT, CONCLUSIONS OF LAW

JOHN GARRETT PENN, District Judge.

The plaintiff charged the defendant with discriminating against him because of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* He alleges that he applied for the position of Communications Specialist, GS–395–13 pursuant to a vacancy announcement and that the defendant refused to hire him because of his age. Robert A. Daley, who was 37 at the time, was selected for the position.

### I

The case was originally scheduled for trial in January 1981. Plaintiff requested a trial by jury, however, the defendant opposed that request contending that the plaintiff was not entitled to a jury trial under the ADEA. The Court overruled the defendant's objection to a jury trial based upon the decision in *Nakshian v. Claytor,* 202 U.S.App.D.C. 59, 628 F.2d 59 (1980). The trial commenced on January 26, 1981. At the conclusion of the trial, the Court instructed the jury that the plaintiff had the burden of proof and was required to establish, by a preponderance of the evidence, that age was *"the* determining factor" in his non-selection. The jury began their deliberations at approximately 9:45 a.m. on January 29, 1981 and at 10:10 a.m., the jury returned with a verdict for the defendant. The plaintiff appealed. The Court of Appeals reversed noting that, subsequent to the jury trial in this case, the Supreme Court had ruled in *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), that, in ADEA actions brought against federal agencies a plaintiff is not entitled to a jury trial. *Cuddy v. Carmen,* 224 U.S.App.D.C. 287, 694 F.2d 853 (1982). The Court of Appeals also concluded that this Court erred in instructing the jury that the plaintiff was required to establish that age was *"the* determining factor". *Id.* The appellate court ruled that the proper instruction was that age was *"a* determining factor". *Id.* The decision was reversed and remanded.

On remand to this court, the parties made no request to submit additional evidence. It was agreed that they would rely upon the record established at the earlier trial and that they would be given an opportunity to submit proposed findings of fact and conclusions of law. Their proposed findings and conclusions were to be submitted in December 1983. Each side has now submitted proposed findings and conclusions and the matter is ripe for decision by this Court.

### II

After giving careful consideration to the arguments of the parties and the record in this case, the Court makes the following findings of fact and conclusions of law.

#### FINDINGS OF FACT

1. Plaintiff is a member of a class, age 64, protected by the ADEA.

2. In anticipation of retirement from the Southern New England Telephone Company, plaintiff filed an application for a position with the Federal Government in 1966. He kept his application current through 1974.

3. In 1975, plaintiff's name was placed on a Civil Service Commission (CSC) Certificate of Eligibles for a GS–13 Communications Specialist position.

4. In February 1975, a GS–13 Communications Specialist position was advertised in the Automated Data and Telecommunications Service (ADTS), Voice Operations Branch (VOB), General Services Administration (GSA).

5. On February 20, 1975, Robert D. Schoenfelder, a GSA Personnel Management Specialist, requested a Certificate of Eligibles from CSC.

6. Sometime in February 1975, plaintiff visited Mr. Schoenfelder, who explained to him the CSC certification process for individuals applying for positions from outside the government.

7. In March 1975, CSC issued a Certificate of Eligibles bearing names of candidates, including that of Cuddy.

8. Mr. Schoenfelder sent a Notice of Availability to the six CSC candidates whose names appeared on the Certificate. Two candidates declined consideration for the position, and one candidate failed to respond to the notice.

9. On April 2, 1975, plaintiff returned his response to the Notice of Availability in person to Mr. Schoenfelder.

10. Mr. Schoenfelder was to have returned the Certificate of Eligibles to CSC by April 21, 1975. However, he kept it; and at CSC's request, he returned the Certificate on May 20, 1975. Mr. Schoenfelder retained a copy of the Certificate for "possible later reactivation."

11. On May 11, 1975, plaintiff met with Albert Treichel, the selecting official, and told Treichel that his name was on the Certificate of Eligibles. Plaintiff also discussed his employment background with Treichel. At that time, also, and in response to plaintiff's question, Treichel told plaintiff that a selection would be made around June 11, 1975.

12. As stated earlier, on May 20, 1975, Mr. Schoenfelder returned the Certificate of Eligibles to CSC. Next to the names of plaintiff and the two remaining candidates were the letters "NS," denoting their nonselection for the position.

13. On that same date, the GSA's merit promotion panel met to consider the federal applicants for the Communications Specialist position.

14. On May 22, 1975, the selection panel referred the names of the highest and best qualified federal applicants to the selecting official.

15. On June 5, 1975, Treichel selected Robert Daley, age 37, for the position. Treichel does not recall seeing the CSC Certificate of Eligibles at the time he made the selection, although Mr. Schoenfelder states that he sent the Certificate to Treichel.

16. Based on the prior May meeting, Mr. Treichel was aware of plaintiff's age and background in the telecommunications field. Treichel also knew Robert Daley and his work in the field of telecommunications.

17. In 1975, Albert Treichel was the Chief, VOB, ADTS, GSA. At that time, an improvement to the government telecommunications system was underway, whereby federal facilities would gain the capability of moving directly from the dedicated to the commercial network. This project was known as the "10/7 conversion," *i.e.* eliminating the 10-digit dialing system and establishing the 7-digit system.

18. The "10/7 conversion" took place over the 1975 Thanksgiving holiday. It consisted of the transfer of 55 major switches and 2000 subsidiary switches. Over 100 federal agencies and one million telephones were involved.

19. In late February 1975, Robert Daley was appointed project manager for the conversion. At the time of his selection for the GS–13 Communications Specialist position, he was working full-time on the conversion project. He was already a grade GS–13, having been promoted in April 1974. Prior to his joining the federal workforce, Mr. Daley worked for 15 years with C & P Telephone Company, first in cable construc-

tion and maintenance, and lastly in switching system.

20. William Cuddy's career spanned 42 years, including 4 years as a Signal Officer in the Southern Pacific Theatre during World War II. During his 38 years with Southern New England Telephone Company, plaintiff spent 25 years as a first-line supervisor in plan assignments and operations in one Connecticut district, *i.e.* Norwalk. In the Bell hierarchy in Connecticut, plaintiff was, in fact, a foreman, with many supervisory and functional levels above him.

21. Treichel did not select Cuddy for the GS–13 Communications Specialist position because his experience was not oriented towards the work of the VOB and because he felt that it would have been necessary to provide a considerable amount of training for an individual with Cuddy's experience. In essence, Treichel concluded that Mr. Cuddy was unfamiliar with the specialized nature and function of the government's telecommunications system.

22. The reason for the plaintiff's nonselection had nothing to do with his age.

23. Plaintiff has exhausted his administrative remedies.

## CONCLUSIONS OF LAW

1. Jurisdiction of this Court over the present matter is founded upon the ADEA.

■ 2. To make out a *prima facie* case of age discrimination, a plaintiff must show facts sufficient to create a reasonable inference that age was "a determining factor" in the employment decision. *See, Coburn v. Pan American World Airways, Inc.,* U.S.App.D.C., 711 F.2d 339, 342–345 (1983), *Cuddy v. Carmen, supra,* 224 U.S. App.D.C. at 290–294, 694 F.2d at 856–860; *Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109, 1112 (4th Cir.1981); *Bentley v. Stromberg-Carlson Corp.,* 638 F.2d 9, 12 (2d Cir.1981); *Smithers v. Bailar,* 629 F.2d 892, 897 (3d Cir.1980); *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1019 (1st Cir.1979).

3. In interpreting the standard of "a determining factor," the courts have ex-

plained that it means that consideration of an impermissible criterion made a difference toward causing the adverse employment decision to occur. *Id.*

■ 4. In order to establish a *prima facie* case, or, in other words, to create a reasonable inference of discrimination, the plaintiff must show that he: (1) belongs to the protected class (age 40–70); (2) was qualified for the position; (3) was not hired; and (4) was disadvantaged in favor of a younger person. *See, Sutton v. Atlantic Richfield Co.,* 646 F.2d 407 (9th Cir.1981); *Loeb v. Textron, Inc., supra.* If the plaintiff succeeds in proving a *prima facie* case, the employer has the burden of producing evidence to demonstrate that the applicant was denied employment for legitimate, nondiscriminatory reasons. *See, Sutton v. Atlantic Richfield Co., supra; Loeb v. Textron, Inc., supra.* If the employer does so, and if its evidence is credible, the plaintiff must show by a preponderance of the evidence that the employer's reason is a pretext. *See, e.g. Tribble v. Westinghouse Electric Corp.,* 669 F.2d 1193, 1196 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983). The plaintiff at all times retains the burden of persuasion and must show by a preponderance of the evidence that age was "a determining factor" in the employer's decision.

■ 5. Applying the criteria to the facts of this case, it is clear that plaintiff established a *prima facie* case of discrimination. He was 64 years old and therefore a member of the statutorily-protected age group. He applied for the position of a GS–133 Communications Specialist, and he was deemed at least minimally qualified for the position by virtue of the fact that his name appeared on the CSC Certificate of Eligibles. Finally, a younger person (age 37) was chosen for the position.

■ 6. Further applying the legal criteria to the present facts, the employer produced credible evidence that its selection of a younger person was legitimate and non-discriminatory. Albert Treichel testified that plaintiff's experience was not oriented

towards the work of the VOB, in that since VOB was handling the "10/7 conversion," he needed someone to keep up with daily activities and to become immediately productive. Treichel testified further that a person with Cuddy's experience would need a considerable amount of training in the specialized area of federal telecommunications.

7. Since GSA carried its burden of producing evidence that the basis for Daley's selection (and plaintiff's non-selection) was legitimate and nondiscriminatory, plaintiff must show, by a preponderance of the evidence, that the reasons were a pretext for discrimination. In this regard, plaintiff has failed to carry the burden of persuasion.

8. First, plaintiff points to a statement made by Mr. Treichel in an affidavit executed in May 1977 as part of the administrative investigation into plaintiff's claim, wherein Treichel responded to a question posed by the investigator and said, "Age, I believe, is a minor consideration to selection but it is not the sole motivational factor." In the closing statement of the affidavit, Treichel declared, "I would not reject a person from consideration for a position in my office on age alone." However, at trial, Mr. Treichel credibly explained that in making these statements, he was speaking generally (in response to a general question) and was not referring to the selection of the GS–13 Communications Specialist position.

9. In addition, the evidence indicates that it is quite possible that plaintiff's name was never referred to Treichel for consideration. Although Robert Schoenfelder testified that he sent the Certificate of Eligibles to Treichel along with the referral of federal candidates, Treichel does not recall having seen the Certificate at the time he made his selection. This is supported by the fact that Schoenfelder returned the original Certificate to CSC on May 20, 1975, (retaining a copy for "possible later reactivation"), that the selection panel met on May 20 to consider federal applicants, and that the selection of a fed-

eral applicant was made on June 5, 1975. In this regard, an error may have occurred in the selection process, but there is nothing to show that it rises to the level of discrimination.

10. Finally, plaintiff points to the fact that Joseph Daniels, EEO Division Director, GSA, agreed that age was a selection factor. This position was set out in a Routing Slip to an EEO Coordinator, dated October 6, 1977. However, this statement is not binding on this Court nor the GSA, for it was simply part of the internal EEO complaints processing. In fact, after a hearing before the EEOC, the GSA found no discrimination.

11. In sum, although the plaintiff established a *prima facie* case of discrimination, the agency produced sufficient and credible evidence to show that its employment decision was legitimate and non-discriminatory. Moreover, plaintiff failed to present any credible evidence that the agency's employment decision was a pretext for discrimination.

### III

In this Part the Court briefly elaborates on the findings and conclusions made in Part II, *supra.* The plaintiff was qualified for the position of Communication Specialist, a fact now conceded by the defendant, but that finding is not dispositive of the issue in this case. The question is, whether age was *"a* determining factor." The Court finds that it was not.

The answer to the question posed in this case depends upon whether age played a part in the defendant's decision not to select the plaintiff. As the Court of Appeals has observed, "[a] transgression arises only if age contributed to the employer's action—so that the differential cannot be ascribed to influences 'other' than age. If age is what tips the scale in an adverse employment decision, a violation of the [ADEA] has occurred." *Cuddy, supra,* 224 U.S.App.D.C. at 292, n. 23, 694 F.2d at 858, n. 23. "[A]ge need not be the sole factor, or even the most compelling". *Id.*

Treichel stated that he found that Daley was the "best qualified for the position in my office and that is why I selected him. In addition, Mr. Daley worked in the Voice Engineering Board office of Telecommunications and was familiar with GSA and the operations of my office." Record at 232. Treichel further testified that "I wanted someone who could be immediately productive and required the least amount of training to assume the duties of the position. Mr. Daley's qualifications were such that I thought he would be the best person for the job. He took a lateral transfer to this position." *Id.* The Court finds that the above statements reflect the actual reason for the selection of Daley and the nonselection of the plaintiff.

The plaintiff makes much of the fact that in the affidavit, Treichel stated that, "I have been told that Mr. Cuddy has alleged discrimination because of age. *Age I believe is a minor consideration to selection but it is not the sole motivational factor*" (emphasis the Court's). Treichel was asked what he meant by that statement and he responded that it was in response to a philosophical question asked by the investigator and that his answer was general and not directed to the case at hand. Record at 222. *See also, Cuddy, supra,* 224 U.S.App. D.C. at 293, n. 25, 694 F.2d at 859, n. 25. Based upon its consideration of all the evidence in this case, the Court finds that this "minor consideration" did not amount to a factor that made a difference to the outcome. Specifically, the Court finds that age was not even a "minor consideration" in this case. The decision to select Daley was based upon Treichel's determination, after weighing all relevant factors, that Daley was the best qualified for the position. The findings made by the Court assume that Treichel had an opportunity to consider the plaintiff. There was some evidence plaintiff's name was inadvertently omitted from the list submitted to Treichel. If this was the case, then clearly age was not a determining factor in Treichel's opinion unless the plaintiff was omitted from the list because of his age. The Court finds that, if plaintiff's name was omitted, it was not omitted because of plaintiff's age.

The most direct "evidence" of age discrimination presented by the plaintiff was contained in his testimony that he met with Treichel and Treichel advised him that he "wasn't selected and [he] said he selected another person but that person wasn't actually his selection, he was *told* to select the younger man, Daley." Record at 124 (emphasis the Court's). However, during further examination plaintiff was asked the following questions and gave the following answers:

Q. What precisely did Mr. Treichel say to you with respect to why he could not select you?

A. Nearly the exactly words was, 'I did all I could for you, Bill. If I push them any harder'—words to this effect—'I'll put my job in jeopardy.' He said, 'You can't get to hard,' because his boss would—I guess he was worried about losing his own job.

Q. He didn't say to you that my supervisor had ordered me to select the other individual, did he?

A. Not in so many words. What he actually said was—

Q. You have answered my question. He did not tell you that my supervisors ordered me to select the other individual, did he?

A. He didn't say that, no, ma'am.

Record at 125.

█ The Court is satisfied based upon its consideration of all the evidence in this case that the plaintiff has failed to meet his burden and to establish that age was "a determining factor" in his nonselection. Based upon that finding, judgment must be entered for the defendant.

An appropriate order shall issue.