JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is
ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
Chappell-Johnson applied for a position as a Human Resources Specialist at the Federal Deposit Insurance Corporation and was not selected. She alleges that her non-selection was the result of discrimination based on race and age and constituted retaliation for her filing of a prior discrimination complaint. FDIC asserts that Chappell-Johnson was not selected because no one involved in the hiring process viewed her as the strongest candidate. Because FDIC offers a legitimate nondiscriminatory reason for its hiring decision, Chappell-Johnson — in order to overcome summary judgment — must produce “sufficient evidence for a reasonable jury to find that” FDIC’s “asserted non-discriminatory reason was not the actual reason” and that FDIC “intentionally discriminated against” her. Brady v. Office of Sergeant at Arms, 520 F.3d 490, 494 (D.C.Cir.2008).
Chappell-Johnson attempts to meet this burden by providing evidence suggesting that FDIC’s proffered reason was merely pretext. See George v. Leavitt, 407 F.3d 405, 413 (D.C.Cir.2005). First, ChappellJohnson asserts that she was more qualified than the individual ultimately selected for the HR Specialist position. But the record does not show that Chappell-Johnson was better qualified, much less “significantly better qualified,” for the job than the person selected, as required by our precedents. Holcomb v. Powell, 433 F.3d 889, 897 (D.C.Cir.2006). Second, Chappell-Johnson argues that the selecting official had already identified her preferred candidate before the hiring process began. There is no indication in the record, however, that the selecting official preselected a candidate for the HR Specialist position. Third, Chappell-Johnson asserts that it was discriminatory for the selecting official to check the references only of the individuals identified as the top two candidates by the hiring committee. Significant departures from normal hiring procedures can constitute evidence supporting a finding of discriminatory intent, Johnson v. Lehman, 679 F.2d 918, 922 (D.C.Cir.1982), but FDIC is not required by the law or its own procedures to check the references of every candidate that applies for a job. Finally, Chappell-Johnson points to conflicts in the testimony of the individuals involved in making the hiring decision as calling into question the veracity of those individuals. Even assuming those conflicts exist, they are immaterial and do not provide support for finding that the committee’s hiring decision was discriminatory. In short, Chappell-Johnson has not produced evidence sufficient to allow a reasonable jury to conclude that her non-selection was the product of discrimination or retaliation.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re *204 hearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41(b).