KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring in the judgment:
Although I agree with my colleagues that remand appears to be called for, I write separately to highlight two concerns.
First, in my view, nothing we write today should be interpreted to lessen an ADEA plaintiffs burden to show that age discrimination affected “the particular employment decision” challenged and not “the mere existence of other, potentially unrelated, forms of discrimination in the work *208 place.” Thomas v. Nat’l Football League Players Ass’n, 131 F.3d 198, 204 (D.C.Cir. 1997) (emphasis omitted). Here, it is far from clear that Ford has made the requisite showing of causality. While the district court found that age “tinged” the hiring process, Ford v. Winter, No. 08-0507, slip op. at 4 (D.D.C. Jan. 15, 2009), it also rejected any connection between the Navy’s institutional concern with age and its particular decision not to select Ford for the branch head position, concluding: “The problem would be, of course, if in the individual case somebody looked at somebody else and said, well, he doesn’t fit the profile; we’ve got to have a younger guy here. I didn’t find any evidence in this case that that was actually done.” Trial Tr. at 323 (Dec. 16, 2008).
Second, I am reluctant to agree that the Congress intended, simply by dint of section 633a’s different phrasing, to set up a legal framework for the federal government so totally at odds with that for a private employer and, if so, why.* Although we once described section 633a as “sweeping,” our characterization should be understood in the context of the question then before us: whether section 633a prohibited age-based retaliation notwithstanding the absence of a specific provision addressing retaliation. Forman v. Small, 271 F.3d 285, 295-99 (D.C.Cir.2001). As the U.S. Supreme Court explained in Gomez-Perez v. Potter, section 633a is sweeping only in the sense that it “contains a broad prohibition of ‘discrimination,’ rather than a list of specific prohibited practices.” 553 U.S. 474, 487, 128 S.Ct. 1931, 170 L.Ed.2d 887 (2008). Nevertheless, in declaring that section 633a prohibits age discrimination across a broad swath of personnel actions, neither we nor the Supreme Court implied that section 633a requires a lesser quantum of proof than does section 623.
Nor do I share my colleagues’ confidence that Gross v. FBL Financial Services, Inc. unambiguously “directs” us in our interpretation of section 633a today. Maj. Op. at 205. The Court in Gross compares the particular text of section 623 of the ADEA with its Title VII analogue and, plainly, does not tough on section 633a. -U.S.-, 129 S.Ct. 2343, 2348-51, 174 L.Ed.2d 119 (2009). Given its flat declaration that the mixed-motives theory “is never proper in an ADEA case” and its criticism of the burden-shifting framework set forth in Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), however, it is difficult for me to conclude the Court would endorse the reading we announce today. Id. at 2346, 2351-52.

 The majority invokes the old chestnut that “where [the Congress] uses different language in different provisions of the same statute, we must give effect to those differences.” Maj. Op. at 206. I of course agree with that familiar rule of statutory construction but where the statutory language appears within a complex regulatory scheme that has been the subject of varying judicial interpretation, see e.g., Aliotta v. Bair, 614 F.3d 556, 561 (D.C.Cir. 2010) (section 633a requires that age have "determinative influence”) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)); Forman v. Small, 271 F.3d 285, 292, 294 (D.C.Cir.2001) ("a determining factor” or “a substantial factor”); Cuddy v. Carmen, 694 F.2d 853, 856-57 (D.C.Cir.1982)(Cuddy 7)("a determining factor”), we should be hesitant to read textual differences reflexively to signify such a departure from our earlier understanding.