**Elizabeth Overton COLTON, Appellant**

v.

**Hillary Rodham CLINTON, in her official capacity as Secretary of State, Appellee.**

No. 10–5389.

United States Court of Appeals, District of Columbia Circuit.

May 3, 2012.

Rehearing En Banc Denied June 25, 2012.

Brian Robert Matsui, Morrison & Foerster LLP, Washington, DC, for Appellant.

Elizabeth Overton Colton, United States Embassy, Cairo Egypt, Asheville, NC, pro se.

Charles Wylie Scarborough, U.S. Department of Justice (DOJ) Office of the Attorney General, Marleigh D. Dover, Assistant Director, U.S. Department of Justice, R. Craig Lawrence, Ronald C. MacHen, Jr., Esquire, U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, TATEL and KAVANAUGH, Circuit Judges.

**2**

## JUDGMENT

This appeal from the United States District Court for the District of Columbia's order granting defendant's motion to dismiss was presented to the court and briefed and argued by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

Under the Foreign Service Act of 1980(FSA), the U.S. Department of State "shall" retire Foreign Service Officers at age sixty-five unless the Secretary grants a temporary extension. 22 U.S.C. § 4052. Elizabeth Colton, then a Foreign Service Officer at the Department, applied for an overseas position in Algiers with a twenty-four-month tour of duty. Because she would have only fifteen months remaining until her mandatory retirement date, the Department denied her the assignment. After filing notice of intent to file suit with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination, Colton filed suit in federal district court, alleging age discrimination, retaliation, and retaliatory failure to promote under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq. She also challenged the FSA's mandatory retirement provision as unconstitutional. The district court granted the Department's motion to dismiss, and we affirm.

■ First, the State Department argues that Colton's age discrimination claim is barred outright under this court's decision in *Strawberry v. Albright*, which held that because the FSA is the later-enacted and more specific statute, "the ADEA's general prohibition of age discrimination does not prohibit enforcement of the [FSA's] man-datory retirement provisions." 111 F.3d 943, 947 (D.C.Cir.1997) (per curiam). For her part, Colton contends that giving full effect to the ADEA requires us to apply the *McDonnell Douglas* framework to all employment actions other than requiring an employee to retire at sixty-five. We need not resolve this dispute: even if the *McDonnell Douglas* framework applies, dismissal here was proper because Colton failed to state a prima facie case of discrimination under the ADEA. Serving " 'at least 24 months' " of the tour of duty was a requirement of the position, *see* First Am. Compl. ¶ 57 (quoting Foreign Service Standard Operating Procedure D–01.2), and Colton, who undisputedly would be able to serve only fifteen months before her mandatory retirement date, was thus not "qualified for the position," *Cuddy v. Carmen*, 694 F.2d 853, 857 (D.C.Cir.1982). And insofar as Colton challenges the twenty-four-month requirement itself, adopting such a requirement is plainly within the Secretary's discretion. *See* 22 U.S.C. § 3926(a) ("The Secretary may prescribe such regulations as the Secretary deems appropriate to carry out functions under this chapter.").

■ Next, the district court correctly held that Colton's retaliation and failure to promote claims were barred for failure to comply with the ADEA's prerequisites to suit under 29 U.S.C. § 633a(d). Colton's amended notice, which alleged age discrimination as the sole reason for the challenged actions, *see* Am. Notice ¶¶ 6, 11, and was filed several months before the failure to promote even occurred, was inadequate to put prospective defendants on notice of the alleged retaliatory actions or to allow the EEOC to "take any appropriate action to assure the[ir] elimination" before suit was filed. *See* 29 U.S.C. § 633a(d).

Finally, Supreme Court precedent forecloses Colton's Fifth Amendment challenge to the FSA's mandatory retirement provision. *See Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979) (articulating Congress's legitimate interests in a mandatory retirement provision for the Foreign Service and holding that a provision mandating retirement at age sixty was rationally related to those interests).

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.