T. Alton HARING, Plaintiff-Appellee,

v.

CPC INTERNATIONAL, INC., Defendant-Appellant.

No. 79–3150.

United States Court of Appeals, Fifth Circuit.* Unit B

Nov. 30, 1981.

Rehearing and Rehearing En Banc Denied Jan. 4, 1982.

**1236**

David R. Aufdenspring, R. Carl Cannon, Atlanta, Ga., for defendant-appellant.

Joseph Lefkoff, Nancy Saul, Atlanta, Ga., for plaintiff-appellee.

Before TUTTLE, TJOFLAT and KRAVITCH, Circuit Judges.

TJOFLAT, Circuit Judge:

In this Age Discrimination in Employment Act (ADEA) case, CPC International, Inc. (CPC), defendant below, appeals from an adverse jury verdict. CPC contends that we should reverse because (1) the district court's instructions to the jury were deficient and (2) the district court should have granted its motion for judgment n.o.v. We affirm.

## I

The relevant facts are straightforward. In 1937, CPC hired T. Alton Haring, then twenty years old, as a mailroom clerk. From 1937 to 1970, Haring progressed in the corporate hierarchy, and in 1970 he was promoted to the position of regional sales manager. In December 1975, Haring's su-pervisor, Walter Tschour, appraised Haring's performance negatively. Then, on March 15, 1976, Tschour fired Haring.

Haring, who was fifty-nine, believed CPC's decision to discharge him was based on his age. Since the ADEA prohibits employment discrimination on the basis of age, Haring filed a lawsuit in federal district court. CPC answered that Haring's discharge was related solely to his unsatisfactory job performance.

The case proceeded to trial before a jury. At trial, Haring introduced evidence probative of his membership in the group protected by the ADEA, his discharge and subsequent replacement with a person outside the protected group, and his ability to perform his job. The court held that Haring's evidence, if believed by the jury, established a *prima facie* case of age discrimination. *See Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d 730 (5th Cir. 1977). In its defense, CPC introduced evidence suggesting that the sole reason Haring was fired was inadequate job performance.

At the close of all the evidence CPC moved for a directed verdict. Its motion was denied, and the case was submitted to the jury under a lengthy charge, to which CPC objected for numerous reasons discussed in the body of this opinion. The jury returned a verdict for Haring, and CPC moved for judgment n. o. v. The court denied the motion and entered final judgment for Haring. CPC now appeals, arguing that its objections to the jury instructions should have been sustained and that the evidence was insufficient to support the jury's verdict. While we think CPC raises difficult questions about the court's charge to the jury, we are satisfied that the charge, taken as a whole, was proper. Since we also find the evidence sufficient to support the verdict, we affirm.

## II

In reviewing jury instructions, "we consider the charge as a whole, and if the instructions taken together properly express the law applicable to the case, 'there is no just ground of complaint, even though

an isolated and detached clause is in itself inaccurate, ambiguous, incomplete, or otherwise subject to criticism.'" *International Air Industries, Inc. v. American Excelsior Co.*, 517 F.2d 714, 728 (5th Cir. 1975), *cert. denied*, 424 U.S. 943, 96 S.Ct. 1411, 47 L.Ed.2d 349 (1976) (*quoting Delancey v. Motichek Towing Service, Inc.*, 427 F.2d 897, 901 (5th Cir. 1970)). It is against this standard that we must evaluate CPC's objections to the court's charge to the jury.

CPC's first four objections stem from a single passage in the court's charge, which, for convenience, we quote in its entirety:

Now in this case, the plaintiff, Mr. T. Alton Haring, bears the burden of proving that defendant, CPC International, Inc., discriminated against him on the basis of age. Once the plaintiff, Mr. Haring, makes out a prima facie case of age discrimination, the defendant bears the burden of going forward to demonstrate that plaintiff was terminated for good casue [sic], that is, for legitimate, nondiscriminatory reasons. Then the plaintiff bears the burden of proving that the reasons advanced by the defendant for the plaintiff's termination are but a pretext.

In this connection, I charge you that the plaintiff establishes what the law calls a prima facie case of age discrimination in his discharge if he shows: first, that he was within the protected age group, that is, that he was between forty and sixty-five years of age; second, that he was discharged or involuntarily retired; third, that he was qualified for the position he held; and fourth, in addition, he shows either that he was replaced by a person outside the protected age group, or he produces statistical or other evidence of discriminatory conduct against him at the hands of the defendant.

If a prima facie case is established by the plaintiff, the jury may infer that the employment decision to terminate was

probably based upon the impermissible factor of age. I say that the jury may infer such, not that it must infer such, this being a matter solely for you to determine. Nothing said by counsel, the court, or any witness should be construed by you as requiring you to draw any such inference. The defendant must then rebut the inference of discrimination, if such you have inferred from the establishment of the plaintiff's prima facie case, by producing evidence that the employment decision was founded on good cause or was based on factors other than age.

Record, vol. IX at 58–60. CPC first argues that these instructions should not have commented on the elements of an ADEA *prima facie* case.[1] CPC notes, quite correctly, that the function of an ADEA *prima facie* case is to create a presumption that the employer discriminated. The employer can rebut this presumption, however, by proffering evidence tending to show that a legitimate, nondiscriminatory reason for the discharge existed. *See Marshall v. Goodyear Tire*, 554 F.2d 730, 736 (5th Cir. 1977). If the employer satisfies this burden, the plaintiff can succeed "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). The evidence in Haring's case justified instructing the jury that if it found that Haring proved both the elements of a *prima facie* case and the pretextual nature of the employer's explanation, he should prevail. *See Loeb v. Textron, Inc.*, 600 F.2d 1003, 1016–1018 (1st Cir. 1979). It was, however, inappropriate, though not reversible error in this case, for the court to clutter up its charge with unnecessary legal terminology such as *"prima facie* case." A recitation of the elements would have sufficed and, further, would have minimized the possibility of confusion.

---

1. The elements of a *prima facie* case in an ADEA suit are discussed *infra* at pp. 1239–1240 of the text.

■ CPC next argues that the court erred in instructing the jury that one *prima facie* element was plaintiff's replacement with "a person outside the protected age group." CPC argues that while this formulation is sufficient in charges of discriminatory hiring, in a discharge case the plaintiff must prove both that the defendant sought to replace him with a younger person and in fact did so. Our cases have consistently held, however, that simple proof of replacement with a person outside of the protected age group satisfies this prong of a *prima facie* case under the ADEA. *See, e. g., Harpring v. Continental Oil Co.*, 628 F.2d 406, 408 (5th Cir. 1980).

■ CPC next contends that the instructions improperly saddled it with a burden of persuading the jury that it discharged Haring for nondiscriminatory reasons. CPC is correct that if a plaintiff proves his *prima facie* case, the defendant is only required to

> clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. . . .
>
> The plaintiff retains the burden of persuasion.

*Burdine*, 450 U.S. at 255–56, 101 S.Ct. at 1094–95 (footnotes omitted). Thus, had the district court in fact instructed the jury that CPC had the burden of persuasion, we would be required to reverse and remand for a new trial. Fairly read, though, the instructions did not assign a burden of persuasion to CPC.

The court's instructions, which we quoted *supra*, p. 1237, describe CPC's burden in two different sentences. The first sentence states that "[o]nce the plaintiff, Mr. Har-

ing, makes out a prima facie case of age discrimination, the defendant bears the burden of going forward to demonstrate that plaintiff was terminated for good casue [sic] . . . ." Record, vol. IX at 59. The second sentence states: "The defendant must then rebut the . . . prima facie case, by producing evidence that the employment decision was founded on good cause or was based on factors other than age." *Id.* at 60.

The first sentence sets forth the correct legal standard; it assigns to the defendant the burden of going forward only. The sentence is, in fact, a paraphrase from an opinion of this court that holds that an ADEA defendant bears only the burden of going forward and not of persuasion. *Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588, 590 (5th Cir. 1978). CPC argues that a juror might not have appreciated the legal significance of the term, "burden of going forward," and thus may have construed it to mean "burden of persuasion." We find, however, that as they continued, the court's instructions adequately clarified the defendant's burden in two ways. First, the court, immediately following the arguably unclear description of CPC's burden, stated that "the *plaintiff* bears the burden of *proving* that the reasons advanced by the defendant for the plaintiff's termination are but a pretext." Record, vol. IX at 59 (emphasis supplied). This sentence, through its immediate juxtaposition to the ambiguous sentence and its clear assignment of the burden of proof to plaintiff, in contrast to the earlier burden of production it assigned to defendant, remedied the earlier sentence. Furthermore, the district court's second sentence regarding CPC's burden unmistakably indicated that the defendant's burden was simply to "produc[e] evidence that the employment decision was founded on good cause . . . ." *Id.* at 60. Thus, we think the charge, taken as a whole, did not misinstruct the jury concerning CPC's burden.[2]

---

**2.** CPC points out that the court had no reason to say anything to the jury about CPC's burden. Since the burden was simply one of production, the court was fully capable of determining whether CPC satisfied its burden. If the burden was satisfied, the court could have said simply that Haring must prove (1) the elements of his prima facie case (see n.1 *supra*), and (2)

CPC next directs our attention to the part of the quoted instructions [3] permitting the jury to infer discriminatory motive from Haring's proof of a *prima facie* case. CPC points to a footnote in *Burdine* stating that in employment discrimination cases, the term, "*prima facie* case," does not "describe the plaintiff's burden of producing enough evidence to permit the trier of fact to infer the fact at issue." [4] Since the district court instructed the jury that it could draw such an inference, we are told we must reverse.

■ Viewed in isolation, footnote 7 of *Burdine* might be read to mean that a plaintiff's proof of the four elements of a *prima facie* case identified in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), will not justify an inference of discrimination. A subsequent footnote in *Burdine*, however, forecloses CPC's argument:

> In saying that the presumption [of discrimination raised by the prima facie case] drops from the case [if the defendant carries the burden of producing evidence that the plaintiff was rejected for a legitimate, nondiscriminatory reason], we do not imply that the trier of fact no longer may consider evidence previously introduced by the plaintiff to establish a prima facie case. A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explana-

tion is pretextual. Indeed, *there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation.*

450 U.S. at 255, n.10, 101 S.Ct. at 1095, n.10 (emphasis supplied). Thus, the instruction that, "If a prima facie case is established by the plaintiff, the jury may infer that the employment decision was probably based upon the impermissible factor of age," was an accurate statement of the law.

We turn now to CPC's objections to other parts of the jury charge. The first objection is to an instruction binding the jury to return a verdict for Haring if it found that age "played some role" or "was a factor" in the discharge decision. CPC notes that the ADEA requires that plaintiff prove he was discharged because of his age. *See* 29 U.S.C. § 623 (1976). From this CPC concludes that in order to prevail, Haring had to prove that "age was a *determinative* factor" in the decision to discharge him. *Loeb v. Textron*, 600 F.2d at 1019 (emphasis added). This requires more than a jury finding that "age was a factor that affected the [discharge] decision." *Id.*

■ CPC is correct that Haring's burden under the ADEA was to show that his age was a determinative factor in CPC's decision to fire him, and that the court's instruction was required to "convey to the jury [this] legal standard . . . ." *Loeb v. Textron, Inc.*, 600 F.2d at 1019. In *Loeb*, for example, the First Circuit held that a

---

that CPC's explanation was pretextual. We agree with CPC and think the instructions would have been improved had the court not commented on CPC's burden. But since we hold that the district court's instructions properly defined the burden as one of production and not of persuasion, it is clear that the jury would have held against CPC only if it found that its evidence, even if believed, failed to establish a nondiscriminatory explanation of why Haring was discharged. Given this low level of burden, and the virtual certainty that the jury found that CPC had satisfied it, we do not think CPC was prejudiced by the instruction.

**3.** The passage referred to is quoted at p. 1237, *supra.*

**4.** "The phrase 'prima facie case' may denote not only the establishment of a legally mandatory, rebuttable presumption, but also may be used by courts to describe the plaintiff's burden of producing enough evidence to permit the trier of fact to infer the fact at issue . . . . *McDonnell Douglas* should have made it apparent that in the Title VII context, we use 'prima facie case' in the former sense." *Burdine*, 450 U.S. at 254, n.7, 101 S.Ct. at 1094, n.7.

charge instructing the jury to find for plaintiff if "age was one factor that 'contributed to or affected the [discharge] decision'" did not convey adequately the correct legal standard. *Id.* CPC points to the similarity of the *Loeb* instruction and the district court's language in this case.

CPC's argument is not persuasive, because the district court, in addition to its isolated use of the challenged phrases, correctly instructed the jury as follows:

> In considering whether or not the defendant discriminated against the plaintiff on account of the plaintiff's age, I charge you that for you to find such discriminatory conduct you need not find that age was the only reason behind the defendant's decision to terminate the plaintiff's employment. Rather, the plaintiff would be entitled to recover even if there were other factors in the decision to terminate him, so long as one such factor was his age, and if, in fact, it made a difference in determining whether he was to be retained or terminated.

> In other words, if the evidence which you have heard establishes that more than one factor was involved in the decision to terminate plaintiff's employment, in order for the plaintiff to recover he would be required to establish by a preponderance of the evidence both that his age was one of the factors considered by the defendant and that consideration of his age actually made a difference in the decision to terminate his employment.

Record, vol. IX at 54–55. This certainly conveyed the proper legal standard to the jury. *See also* record, vol. IX at 56–60. The instruction was defective, therefore, only if use of the challenged language interfered with the above-quoted passage's effective communication of the proper legal standard.

We do not think the challenged language interfered with the conveyance of the proper legal standard. As we read it, the *Loeb* opinion condemned the district court's instructions because, *as a whole*, they failed to say enough to convey the proper legal standard to the jury. In our case, however, the court's charge included an adequate instruction on the legal standard, and while the challenged terminology did not repeat that instruction, neither did it contradict it. Moreover, the adequate instruction immediately preceded the incomplete language and, given this, the possibility of jury confusion was nonexistent.

 We can quickly dispose of CPC's last two objections to the court's charge. First, CPC argues that the court should not have advised the jury that it could, if it chose, infer discrimination from the statistical evidence in the record. CPC's argument, reduced to its essence, is that its expert witness discredited Haring's statistical evidence; hence it was error for the court to formulate instructions that permitted the jury to infer discrimination from it. But the question of the weight to be accorded admissible statistical evidence is a jury question, *Laugesen v. Anaconda Co.*, 510 F.2d 307, 317 (6th Cir. 1975); we therefore see no error in the instruction that the jury could infer discriminatory animus from the statistical evidence before it. CPC similarly objects to an instruction that permitted the jury to infer discrimination from evidence suggestive of a CPC pattern or practice of age discrimination. Again, whether there was a pattern of discrimination was a jury question, and the court's submission of the question to the jury was not error.

### III

CPC argues that its motion for judgment n.o.v. should have been granted. We have previously held, however, that a court should grant a judgment n.o.v. only "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict . . . ." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969). Viewed against such a standard, the court's failure to grant CPC's

motion was, plainly, correct. The judgment of the district court is accordingly

AFFIRMED.