**Louis L. ANDERSON, Jr., Plaintiff-Appellant,**

**v.**

**SAVAGE LABORATORIES, INC., a Corporation, Defendant-Appellee.**

**No. 81–7392.**

United States Court of Appeals, Eleventh Circuit.

May 13, 1982.

Alvin T. Prestwood, Claude P. Rosser, Jr., Montgomery, Ala., for plaintiff-appellant.

Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., Townley & Updike, Kenneth McCulloch, New York City, for defendant-appellee.

Before RONEY and KRAVITCH, Circuit Judges, and PITTMAN *, District Judge.

KRAVITCH, Circuit Judge:

In this age discrimination case filed pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, the district court granted summary judgment in favor of appellee-employer. The court held that appellant-employee failed to present evidence establishing he was treated differently on account of age from other employees who violated the same work rule. We affirm.

From April, 1964 to October, 1979, appellant Anderson was employed by Savage Laboratories, a sales organization engaged in the marketing and sale of pharmaceutical products, as a commissioned sales representative. His responsibilities were to make sales calls on health care professionals throughout parts of Alabama and Florida. Appellant resided in Montgomery, Alabama but spent much of his time on the road.

The incident precipitating appellant's termination occurred on September 13, 1979. On that day Mr. Folkenflik, appellant's supervisor, was in Montgomery, Alabama conducting interviews for a potential replacement for appellant. Savage assertedly had become dissatisfied with appellant's job performance but had not yet decided to terminate him. Appellant claims, however, that Savage was seeking to replace him because he was over the age of forty. Folkenflik chose to interview applicants in Montgomery on September 13 in order to avoid the possibility of meeting appellant, who had previously filed an itinerary indicating that on September 13 he would be in the Thomasville-Linden area of Alabama, approximately 125 miles from Montgomery. While in Montgomery, however, Folkenflik saw Anderson purely by chance; Anderson apparently did not see Folkenflik. In his

Weekly Call Report and Summary Sheet for the week ending September 14, 1979, appellant represented that on September 13, he visited ten specified customers in Thomasville and Linden, Alabama. When confronted about the discrepancy between his weekly work reports and his being seen in Montgomery on September 13, appellant did not deny the falsification of the reports. Pursuant to its policy of terminating employees who falsify work reports, Savage asked appellant to resign, and when he refused to do so, terminated him.

Appellant filed this action in the United States District Court for the Middle District of Alabama, alleging that he was terminated in violation of the Age Discrimination in Employment Act (ADEA). Savage subsequently filed a motion for summary judgment, arguing that appellant's admitted conduct showed that he was discharged for good cause, negating his claim of age discrimination. In support of its motion, Savage proffered affidavits showing that it had applied without exception its policy of discharging employees who falsify reports or permitting those employees to resign.[1] Appellant presented no evidence to the contrary. The district court granted summary judgment for Savage, concluding, *inter alia*, that there was no evidence appellant was treated differently from others caught falsifying records.

Appellant contends the district court erred in granting Savage's motion for summary judgment because appellee's evidence that appellant was terminated for cause does not operate to prevent appellant from proving that age was nonetheless a determinative factor in the termination decision. To make out a prima facie case of age discrimination, a plaintiff must demonstrate "facts sufficient for a reasonable jury to infer that discrimination has occurred." *McCorstin v. United States Steel*

---

* The Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. The affidavit of Kenneth Dunlap, vice-president of Savage Laboratories, states that five Savage sales representatives other than appel-

lant have been caught submitting falsified records and that on each occasion the employee was discharged or asked to resign. The five discharged employees were 26, 29, 37, 37 and 42 years old, respectively, when their employment was terminated.

*Corp.*, 621 F.2d 749, 754 (5th Cir. 1980).[2] Such an inference is generally established by proving that the plaintiff 1) belongs to the statutorily protected age group; 2) was qualified for the job; 3) was discharged; and 4) was replaced by a person outside the protected group." *Harpring v. Continental Oil Co.*, 628 F.2d 406, 408 (5th Cir. 1980), *cert. denied*, —— U.S. ——, 102 S.Ct. 100, 70 L.Ed.2d 90 (1981). *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Of course, this modification of the *McDonnell Douglas* test is not "the alpha and omega of possible tests in the age discrimination context." *McCorstin v. United States Steel Corp.*, *supra* at 753. "[T]he specification above of the prima facie proof required . . . is not necessarily applicable in every respect to differing factual situations." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Regardless of the specific method of proof utilized, once a prima facie case has been established, the employer has the burden of producing evidence tending to show that the employee's discharge was for a legitimate, nondiscriminatory reason such as good cause.[3] If the employer does so, the plaintiff, who at all times retains the burden of persuasion, must show by a preponderance of the evidence that the employer's asserted legitimate reason for the discharge is merely pretextual. *E.g., Harpring v. Continental Oil Co., supra* at 408–09; *McCorstin v. United States Steel Corp., supra* at 753–54; *Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588, 590–92 (5th Cir. 1978).

■ In satisfying the ultimate burden of proving that the discharge was on account of age, a plaintiff need not establish that age was the sole reason for his termination, but only that age was a determinative factor in the employer's decision to fire him. *Haring v. CPC International, Inc.*, 664 F.2d 1234, 1239–40 (5th Cir. 1981). In other words, a plaintiff must prove by a preponderance of the evidence that age made a difference in the employer's decision to terminate him. Where the discharge was assertedly for the violation of a work rule, the former Fifth Circuit has held in the context of claims arising under Title VII of the Civil Rights Act that a plaintiff, in order to prove the employer's justification to be pretextual, must show either that he did not violate the work rule or that, if he did, other employees not within the protected class who engaged in similar acts were not similarly treated.[4] *Harris v. Plastics Mfg. Co.*, 617 F.2d 438 (5th Cir. 1980) (appellants discharged for fighting and clocking out early failed to prove racial discrimination where they did not present evidence that they had been treated differently than white employees violating the same rules); *Green v. Armstrong Rubber Co.*, 612 F.2d 967 (5th Cir.), *cert. denied*, 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102 (1980) (appellant discharged for fighting failed to establish racial discrimination where he did not show that he had been treated differently than white employees violating the same rule). *See Fong v. American Airlines, Inc.*, 626 F.2d 759 (9th Cir. 1980) (appellant discharged for taking reusable food item from an airplane failed to prove racial discrimination where record showed that the rule was enforced independent of race). Because Title VII and ADEA share as a common purpose the elimination of employment discrimination and

---

**2.** The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopted as precedent the decisions of the former Fifth Circuit.

**3.** 29 U.S.C. § 623(f)(3) states:

(f) it shall not be unlawful for an employer, employment agency or labor organization—

(3) to discharge or otherwise discipline an individual for good cause.

**4.** The court in *Green v. Armstrong Rubber Co., supra*, suggested that the "work rule" test operates to define a plaintiff's prima facie case for proving discrimination where the defendant asserts that the plaintiff was discharged for violating a work rule. Upon more careful consideration, we conclude that the "work rule" test does not affect a plaintiff's prima facie case but rather describes the burden of proving that the defendant's justification for discharging the plaintiff for violating a work rule was merely pretextual.

because the method for proving discriminatory treatment under both acts is similar, we consider those decisions arising under Title VII applying the "work rule" test as precedent for those arising under ADEA. *See Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584 (5th Cir. 1981) (en banc) (Title VII cases involving the 180 day filing requirement serve as precedent for cases under ADEA involving same issue). We therefore hold the "work rule" test applicable in ADEA cases.

Here, appellant concedes that he falsified work records and does not deny that Savage has uniformly enforced its policy of discharging employees caught falsifying records regardless of their age. Appellant has introduced no evidence to show that he was treated differently from others discharged for falsifying records because of his age. Therefore, the district court properly granted summary judgment for appellee.

AFFIRMED.