Peggy **BENSON**, Plaintiff,

v.

**VERMONT AMERICAN CORPORATION,**
Defendant.

**Civ. A. No. 88–H–94–E.**

United States District Court,
M.D. Alabama, E.D.

Sept. 19, 1988.

Robert L. Wiggins, Jr., James A. Mendelsohn, Gordon, Silberman, Wiggins & Childs, Birmingham, Ala., for plaintiff.

James P. Alexander, Jay D. St. Clair, Bradley, Arant, Rose & White, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

HOBBS, Chief Judge.

Plaintiff filed her complaint on January 26, 1988. Defendant filed its answer on February 16, 1988 and a motion for summary judgment on July 21, 1988. Plaintiff filed her response in opposition to defendant's motion on August 9, 1988, and a cross-motion for summary judgment. Defendant filed its brief in reply and in opposition to plaintiff's motion on August 23, 1988.

### I. FACTS

Plaintiff, a black woman, was hired as a temporary employee by defendant Vermont American Corporation on April 7, 1986. Plaintiff satisfactorily completed her work until June 13, 1986. On that date, plaintiff left the work place without completely complying with her supervisor's directions that she clean her machines. Defendant alleges that it fired plaintiff on June 16, 1986 for failing to follow a direct order which constituted grounds for a first violation discharge. Plaintiff alleges that she was discharged for racially motivated reasons. Defendant moves for summary judgment on plaintiff's Title VII and § 1981 claims and asserts that plaintiff has failed to produce any evidence to support a finding that defendant's alleged reason for firing plaintiff was pretextual. Plaintiff moves for summary judgment on an adverse impact theory under Title VII.

### II. STANDARD TO APPLY: SUMMARY JUDGMENT

Under Rule 56(c), the court shall grant summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." According to the Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir.1987).

The "evidence of the non-movant is to be believed, ... and all justifiable inferences are to be drawn in his favor." *Everett*, 833 F.2d at 1510. However, inadmissible evidence, including inadmissible evidence offered in the form of a deposition, cannot be considered by the court. Fed.R.Civ.Proc. 56(c); *Samuels v. Doctors Hospital, Inc.*, 588 F.2d 485, 486 n. 2 (5th Cir.1979).

### III. DISCUSSION

*A. Has plaintiff alleged sufficient facts to withstand defendant's motion for summary judgment?*

In plaintiff's response to defendant's motion for summary judgment, plaintiff notes that "questions of motivation and intent are inappropriate for summary judgment where plaintiff has produced evidence of pretext." (Pltf's response br. at 5) The Eleventh Circuit has noted that "where the employer justifies the discharge by relying on a work rule violation, the plaintiff may prove pretext by showing 'either that he did not violate the work rule or that, if he did, other employees not within the protected class who engaged in similar acts were not similarly treated.'"

*Delgado v. Lockheed—Georgia Co.*, 815 F.2d 641, 644 (11th Cir.1987); *citing Anderson v. Savage Laboratories, Inc.*, 675 F.2d 1221, 1224 (11th Cir.1982).

Plaintiff asserts in her response brief that plaintiff did not violate the work rule because her action was not in "flagrant disregard" of proper authority. Plaintiff cites defendant's plant rule to support her position. The Court finds plaintiff's assertion without merit, given the plant rule cited and plaintiff's deposition. The defendant's plant rule states that a first-violation discharge includes "refusing to obey a direct order given by a supervisor, *or* any flagrant disregard of proper authority." (emphasis added) (Pltf's response brief, Exhibit A) Either one would be sufficient grounds for discharge. In her deposition plaintiff admits that her supervisor told her to "make sure you clean [your machines] before you leave" and that plaintiff failed to completely clean one of her machines. (Pltf's depo. at 72–74). Therefore, there can be no genuine dispute that plaintiff violated the work rule.

Plaintiff further asserts that, even if she did violate the work rule, Ford, a white employee, also engaged in the same conduct but was not discharged. Plaintiff cites to the depositions of Mathis, Sand and Bean to support her position. Upon reading the cited portions of the depositions, the Court recognizes that the three supervisors agree that Ford failed to clean her machines upon occasion. However, there is no evidence that she failed to comply with a direct order given by her immediate supervisor, Mathis. Rather, Mathis states in his deposition that there were "a couple of times I had to make her come back and reclean the machines...." (Mathis depo. at 18) Although all justifiable inferences are to be drawn in the non-movant's favor, the only logical construction the Court can give to this statement is that Ford actually complied with Mathis' order. Since the basis for discharge was failure to comply with a direct order to clean the machines, the Court cannot find that Ford "engaged in similar acts and was not similarly treated."

Plaintiff bears the burden of proof that discrimination was a reason for her discharge. She may do this "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). Plaintiff offers no evidence that defendant was motivated by a general discriminatory intent. Plaintiff offers no other evidence that would indicate that defendant's reason for discharging her was pretextual, or that defendant's proffered explanation is unworthy of credence. Therefore, plaintiff has failed to meet her burden of proof and defendant's motion for summary judgment is due to be granted.

*B. Is plaintiff entitled to summary judgment on a disparate impact theory under Title VII?*

█ In plaintiff's response brief, plaintiff asserts that she is entitled to summary judgment on a disparate impact theory under Title VII. Plaintiff attempts to support her assertion with statistics showing that a somewhat higher percentage of blacks were hired as temporary employees than were hired as permanent employees. Plaintiff shows that in 1986 (the first year defendant hired temporary employees), twenty-eight percent of one hundred twenty-two permanent employees were black while fifty percent of sixteen temporary employees were black.

Even if plaintiff's statistics showed a significant disparity, plaintiff fails to allege any facts that would entitle her to relief. Plaintiff does not assert that she would have been treated any differently if she had been hired as a permanent employee. Plaintiff had worked approximately seventy days for defendant. If she had been hired as a permanent employee, she still would have been in her probationary period. In his deposition, Mr. Bean stated that "temporaries [were] looked at just like if they were in their ninety-day initial period of employment, and [automatic discharge is] the same way there." (Bean depo. at

**1442**

31). Even if plaintiff alleged sufficiently reliable statistics to support her claim, she suffered no damage due to her temporary status. Therefore, plaintiff's motion for summary judgment is due to be denied.

### IV. CONCLUSION

Plaintiff has failed to present sufficient evidence to withstand defendant's motion for summary judgment. There are no genuine issues as to any material facts, and defendant is entitled to judgment as a matter of law.

Plaintiff has failed to assert any facts which would support her motion for summary judgment, or to support a disparate impact claim under Title VII. Therefore, plaintiff's motion is due to be denied.

A separate judgment will be entered in accordance with this memorandum opinion.