**Kenneth SARSHA, Plaintiff,**

v.

**SEARS, ROEBUCK AND CO., Defendant.**

**No. 89 C 8836.**

United States District Court, N.D. Illinois, E.D.

Aug. 24, 1992.

See also 747 F.Supp. 454.

Lawrence Petroshius, Petroshius and Petroshius, Waukegan, Ill., for plaintiff.

Jeffrey S. Goldman, Paul Andrew Olsen, Fox and Grove, Chartered, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant Sears, Roebuck and Co.'s ("Sears") motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons stated below, the court grants the motion.

## FACTS

Plaintiff Kenneth Sarsha filed this suit against Sears alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] Sarsha claims he was discriminated against when Sears fired him from his Operations Manager position in Sears's retail store in Springfield, Illinois. At the time of his termination, Sarsha was a forty-six-year-old male. After Sarsha's termination, his duties were assumed by a thirty-eight-year-old male. Sarsha claims that, although Sears claims he was fired for having sexual relations with a female subordinate employee, Sears took no disciplinary action against the female employee and Sears is using his relationship as a pretext for discrimination.

## DISCUSSION

■ Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to designate specific facts showing a genuine issue for trial. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991). A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Nevertheless, a scintilla of evidence will not suffice to oppose a motion for summary judgment. *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991).

■ Sarsha has established a *prima facie* case of age discrimination by showing that he was over forty years old, performed his job well, was fired, and was replaced by a younger person. *Anderson v. Stauffer Chem. Co.*, 965 F.2d 397, 400–01 (7th Cir.1992). Because Sarsha has established a *prima facie* case of age discrimination, Sears, in attempting to fulfill its burden, produced a reason for Sarsha's discharge unrelated to age. *See id.* at 401 (once plaintiff makes out a *prima facie* case, burden shifts to defendant to show nondiscriminatory reason for decision). Sears asserts that it terminated Sarsha's employment because of his "wilful misconduct" in refusing to follow his supervisors' instructions to refrain from dating a subordinate employee when Sears felt his behavior was becoming disruptive in the work place. This is a legitimate, nondiscriminatory reason for discharging an employee.

■ In this light, the burden is now shifted back to Sarsha in this motion for

---

**1.** The facts are drawn from the statements of material facts the parties submitted in accordance with Local Rule 12 as well as the depositions and documents in the record, although Sarsha's "Statement of Material Facts" failed to strictly comply with Local Rule 12(n). Rule 12(n) requires a statement responding specifically to each numbered paragraph in the moving party's statement as well as a statement listing additional facts. Sarsha failed to respond to each of Sears's numbered paragraphs, which can be deemed an admission of all facts set forth therein. *Maksym v. Loesch*, 937 F.2d 1237, 1240 (7th Cir.1991). Although the court carefully examined the record to identify disputed facts, it considers the facts set forth in Sears's statement uncontradicted where not addressed in Sarsha's memoranda or 12(n) statement and not otherwise contradicted by the record.

summary judgment. Sarsha must show there is some genuine issue of fact as to whether this reason is merely a pretext for age discrimination, *id.*; *Colosi v. Electri-Flex Co.*, 965 F.2d 500, 502 (7th Cir.1992), or must present direct evidence that his age played a role in Sears's decision. *Colosi*, 965 F.2d at 502. Sarsha has failed in both regards.

First, Sarsha cannot show that a genuine issue of fact exists as to whether the reason for his discharge is merely a pretext. Sears conducted surveillance of Sarsha when it became aware of Sarsha's behavior. The record amply shows that Sears reasonably believed Sarsha's behavior was disruptive and that it could eventually become more disruptive. *See Anderson v. Stauffer*, 965 F.2d at 401 (so long as employer honestly believes plaintiff has problems, termination is justified). Though the Sears "policy" forbidding intra-employment dating may not have been clear or consistent, the record shows that Sarsha was repeatedly taken aside and warned of the disruptive aspects of his behavior. *See id.* at 403 (although plaintiff was not specifically warned that he could be fired, "when a supervisor pulls an employee aside to discuss a problem on three separate occasions, the employee ought to understand that the problem is serious").

■ Sarsha claims the proffered reason is pretextual because Sears failed to discipline other, younger, employees who had relations with fellow employees. *See Anderson v. Savage Lab., Inc.*, 675 F.2d 1221, 1224 (11th Cir.1982) (can establish pretext by showing plaintiff did not violate work rule or that, if he did, others not within the protected class who violated the rule were not similarly treated). Sarsha points to a single situation where a thirty-year-old manager dated and later married a non-management employee. By Sarsha's own admission, Sears spoke with this employee to stop the relationship. Further, there is no evidence that that relationship was disruptive. More importantly, Sears's statement of facts states that Sears, through at least one person,[2] confronted every problem involving management employees engaging in inappropriate relationships with subordinates of which it became aware and instructed each manager to terminate the relationship. Sarsha does not dispute this assertion in his statement of facts. Furthermore, there is no indication that other employees openly disregarded instructions to break-off relationships, as did Sarsha, without receiving a discharge. Therefore, the court finds that Sarsha has failed to carry his burden of demonstrating that a factual dispute exists over whether Sears contrived reasons for terminating him as a pretext for age discrimination. *See Castleman v. Acme Boot Co.*, 959 F.2d 1417, 1422 (7th Cir.1992) (plaintiff must show that employer "made up" its reason for termination to establish pretext).

■ Last, there is no direct evidence of age discrimination. Sarsha must only show that age was "a determinative factor" in Sears's decision to terminate him, not that it was the sole factor in the decision. *Anderson v. Savage*, 675 F.2d at 1224. Sarsha points to comments made regarding his dress, "stodgy" car, long hair, and high income to demonstrate "an age consciousness," yet these off-the-cuff remarks by Sears's personnel have no nexus to the actual termination decision. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 250, 109 S.Ct. 1775, 1791, 104 L.Ed.2d 268 (1989) (must show employer actually relied on gender in making employment decision); *id.*, 490 U.S. at 276–78, 109 S.Ct. at 1804 (O'Connor, J., concurring) (statements by non-decision makers or decision makers unrelated to the decision do not show discrimination); *McCarthy v. Kem-*

---

**2.** Sears's statement of facts asserts that the region personnel manager Al Zimmerman addressed every management employee who he became aware was dating a subordinate and asked them to terminate the relationship. The statement asserts that the store manager Gary Taylor did so as well. However, Sears fails to specifically refer to the record to support its assertion that Zimmerman had such discussions. *See* Local Rule 12(m) ("statement shall ... includ[e] within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph"). Nonetheless, Sears does provide such reference for Taylor.

*per Life Ins. Cos.,* 924 F.2d 683, 686–87 (7th Cir.1991) (must show remarks were related to firing). And the remarks can hardly be characterized as discriminatory in themselves. Further, the record is devoid of any evidence of age-related insults directed toward him or any other employee, that anyone at Sears ever spoke in derogation of his age, or that he or any other employee was otherwise mistreated on account of age. *See Shager v. Upjohn Co.,* 913 F.2d 398, 402 (7th Cir.1990) ("[t]hese older people don't much like ... us baby boomers" and "old guys know how to get around things" direct evidence of hostility).

Also, Sarsha asserts that Sears "wholesale replaced" forty-year-old or older Springfield store managers with persons under age forty. Sarsha's support for this assertion is a list in his affidavit of ten persons who have "left" the Sears Springfield store since 1987 and whom Sears replaced with younger persons. But three of the ten replacements are members of the protected class (i.e., forty years of age or older). More importantly, the record is silent as to the reasons these persons left Sears's employ. There is no indication Sears fired these individuals or forced them to leave. Without any evidence, the court cannot infer that they were fired or forced to leave for discriminatory reasons—they may have voluntarily departed due to individual, personal reasons. *See Bank Leumi,* 928 F.2d at 236 (nonmovant must designate specific facts showing a genuine issue for trial). It is mere speculation as to their reasons for leaving, and mere speculation will not create a dispute over a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (some metaphysical doubt will not suffice to oppose a motion for summary judgment). Accordingly, the court grants Sears's motion for summary judgment on Count I.

Sarsha's gender discrimination case is considerably simpler. The court agrees with Sears that Sarsha cannot establish a *prima facie* case that the termination decision was gender-motivated. His claim is that Sears terminated him, a male, while Sears failed to take disciplinary action against his sexual partner, a female. Yet Sarsha has not shown that Sears treat-

ed him differently than a similarly situated female, i.e., a female management employee who openly defied Sears's instructions to refrain from dating subordinates. *See Morgan v. Harris Trust & Savings Bank,* 867 F.2d 1023, 1026–27 (7th Cir.1989) (Title VII requires a showing of different treatment from one similarly situated). Also, Sarsha's replacement was not a female and no evidence even hints that gender was a factor in Sears's decision to terminate Sarsha. Accordingly, the court grants Sears's motion for summary judgment on Count II.

In sum, Sarsha has not carried his burden of producing a genuine issue of fact as to whether Sears's proffered nondiscriminatory reason for the termination decision was a pretext, nor has he demonstrated a genuine issue of fact regarding direct evidence of age discrimination. Further, Sarsha has not produced any facts which would tend to establish a *prima facie* case of gender-based discrimination.

### CONCLUSION

For all of the above stated reasons, the court grants Sears's motion for summary judgment against Sarsha on both Counts I and II of Sarsha's complaint.

IT IS SO ORDERED.