**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-60030
Summary Calendar
_____


KARYN LAFONTAINE,

Plaintiff-Appellant,

VERSUS

PHILIP MORRIS COMPANIES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(1:94-CV-246-GR)
_____

(July 21, 1995)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Karyn LaFontaine, a discharged employee of Philip Morris Companies, Inc. ("Philip Morris"), appeals the summary judgment dismissal of her title VII employment discrimination claim based upon an alleged violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). While LaFontaine alleges that she was fired because of her pregnancy, the district court found that she had

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

failed to show that she was qualified for the position, a prima facie requirement, and/or that Philip Morris's alleged legitimate reasons for the discharge were pretextual. She also complains that the district court abused its discretion in denying her FED. R. CIV. P. 56(f) motion for a discovery continuance. Because we find that LaFontaine has failed to present evidence of pretext and that the district court did not abuse its discretion in denying the rule 56(f) motion, we affirm.

I.

The summary judgment motion is designed to dispose promptly of actions in which there is no genuine issue as to any material fact. Rule 56(c) provides in relevant part that

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment, however, will not lie "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When considering the evidence, the court must view the facts and inferences in the light most favorable to the nonmoving party. Lavespere v. Niagara Mach. & Tool Works, 910 F.2d 167, 178 (5th Cir. 1990), cert. denied, 114 S. Ct. 171 (1993). We review summary judgment motions de novo, applying the same standard as did the district court. Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1084

2

(5th Cir. 1994).

                              II.

    Title VII, which imposes a shifting allocation of the burden
of production, defines the elements of LaFontaine's necessary
showing to survive summary judgement.  See St. Mary's Honor Ctr. v.
Hicks, 113 S. Ct. 2742, 2746 (1993); McDonnell Douglas Corp. v.
Green, 411 U.S. 792, 802-05 (1973); Bodenheimer v. PPG Indus.,
5 F.3d 955, 957 (5th Cir. 1993) (examining evidentiary procedure).
First, the plaintiff must establish a prima facie case that she
suffered discrimination based upon a prohibited classification.
See, e.g., McDonnell Douglas, 411 U.S. at 802 (outlining four
elements of basic title VII prima facie claim).  Once that burden
is met, the defendant must articulate a legitimate, nondiscrimina-
tory reason explaining why the adverse employment actions were
taken.  St. Mary's, 113 S. Ct. at 2747.  If that burden is met, the
plaintiff must show that the defendant's proffered reason was but
a pretext for discrimination.  Texas Dep't of Community Affairs v.
Burdine, 450 U.S. 248, 253 (1981);  see also Bodenheimer, 5 F.3d at
957 (interpreting St. Mary's to require a showing of pretext plus
discriminatory intent).

    We assume, arguendo, that LaFontaine's prima facie showing was
sufficient.  Philip Morris's burden therefore was to come forward
with a legitimate, nondiscriminatory reason for LaFontaine's
termination.  Here, Philip Morris claims that it fired LaFontaine
because she violated its "zero tolerance" policy regarding

                               3

falsification of records and had a deficient job performance. Specifically, Philip Morris contends that LaFontaine submitted numerous inaccurate summary reports detailing her work, which overstated the number of sales calls that she had completed. This reason, on its face, is both legitimate and nondiscriminatory.

Next, we determine where whether such a reason was a pretext. Both parties agree that

> where the employer justifies the discharge by relying on a work rule violation, the plaintiff may prove pretext by showing "either that he did not violate the work rule or that, if he did, other employees not within the protected class who engaged in similar acts were not similarly treated."

Delgado v. Lockheed-Georgia Co., 815 F.2d 641, 644 (11th Cir. 1987) (quoting Anderson v. Savage Lab., Inc., 675 F.2d 1221, 1224 (11th Cir. 1982)). Both of these showings are aimed at smoking out one thing: The proffered reason was false.

Here, LaFontaine's deposition testimony and that of her supervisor support the uncontradicted conclusion that she submitted incorrect reports. Her defense, essentially, is that such practices were commonplace, and those who engaged in them were not terminated. According to her supervisor, however, LaFontaine also took credit for calls that were not made, could not account for her time, and admitted to some deliberate falsification of records. As these allegations are contradicted in only the most conclusionary of terms, LaFontaine has presented insufficient grounds to create a genuine issue of material fact. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990) (holding "conclusory allegations"

4

insufficient to resist summary judgment); <u>Davis</u>, 14 F.3d at 1087-88. Moreover, as LaFontaine has come forward with no evidence showing that other employees who had engaged in that type of misconduct were not fired, she has failed to meet her burden of production in establishing pretext. Accordingly, her claim was properly disposed of by summary judgment.

## III.

LaFontaine also contends that the district court was premature in granting summary judgment, because she had not yet completed discovery and needed additional time in order to obtain call records, summary records, and personnel files. She preserved this claim by making a specific request as per FED. R. CIV. P. 56(f). While we have stated that dispensation of such motions should be generously granted, "[i]f the additional discovery will not likely generate evidence germane to the summary judgment motion the district court may, in its discretion, proceed to rule on the motion without further ado." <u>International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1267 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1059 (1992).

Here, the district court determined that LaFontaine's discovery request was overly broad. While the uncontroverted evidence showed that the termination decision had been made at the local level, LaFontaine requested reporting information for a Philip Morris region that includes the states of Arkansas, Iowa, Kansas, Louisiana, Mississippi, Missouri, Nebraska, New Mexico,

5

Oklahoma, and Texas. Philip Morris further contends that it made available the relevant section records, a fact that LaFontaine does not contest on appeal. Accordingly, the district court did not abuse its discretion in determining that such far-reaching discovery was not relevant to whether LaFontaine's local supervisor fired LaFontaine on account of her pregnancy.

AFFIRMED.