[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 15, 2011
JOHN LEY
CLERK

No. 10-13282
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-00874-MHT-SRW

TOMORROW BUSH,

                                                    Plaintiff-Appellant,

versus

HOUSTON COUNTY COMMISSION, et al.,

                                                    Defendants,

ANDY R. HUGHES, Sheriff,
in his official and individual capacities,
KEITH REED, Jail Commander,
in his individual capacity only,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 15, 2011)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Tomorrow Bush, through counsel, appeals the grant of summary judgment in favor of the defendants in her employment-discrimination action, brought under 42 U.S.C. §§ 1981 and 1983, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1).[1] Bush, a black female, alleged that she was terminated from her position as a corrections officer on account of her race and gender. The district court granted summary judgment in favor of the defendants, finding that they reasonably believed that Bush had violated the jail's use-of-force policy by unjustifiably pepper-spraying an inmate, and that there was insufficient evidence to establish that "similarly situated" white male officers had been treated differently. On appeal, Bush argues that the district court erred by: (1) considering only the original report she prepared on the day of the incident, and disregarded key pieces of evidence: (a) three exhibits, admissible under the party-opponent rule, relating to her proposed comparator-officers, and (b) her full account of the pepper-spray incident, as related at her disciplinary hearings and in her deposition testimony; and (2) determining that she failed to establish pretext. After careful review, we affirm.

---

[1] The Houston County Commission, originally named as a defendant, was later dropped from the suit. The suit also originally claimed Title VII gender discrimination against Hughes in his official capacity, but the claim was dismissed for failure to exhaust administrative remedies.

Procedurally, we review a district court's evidentiary rulings for abuse of discretion. Proctor v. Fluor Enter., Inc., 494 F.3d 1337, 1349 n.7 (11th Cir. 2007). "To gain a reversal based on a district court's evidentiary ruling, a party must establish that (1) its claim was adequately preserved; (2) the district court abused its discretion in interpreting or applying an evidentiary rule; and (3) this error affected a substantial right." Id. at 1349 (quotations omitted). Substantively, we "review a grant of summary judgment de novo, using the same legal standard as the district court." Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Further, we review a denial of a Rule 59(e) motion to alter or amend judgment under an abuse-of-discretion standard. Lambert v. Fulton County, Ga., 253 F.3d 588, 598 (11th Cir. 2001). Grounds for a district court to grant a Rule 59(e) motion include the submission of newly-discovered evidence or the demonstration of manifest error. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007).

3

We are unpersuaded by Bush's claims that the district court erroneously considered the evidence or that it erroneously found that she did not establish pretext. Section 1983 is a vehicle for bringing civil lawsuits that "provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions." Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1299 (11th Cir. 2007); 42 U.S.C. § 1983. The Equal Protection Clause of the Constitution prohibits intentional race and gender discrimination in public employment. Williams v. Consolidated City of Jacksonville, 341 F.3d 1261, 1269 (11th Cir. 2003); Cross v. State of Ala., 49 F.3d 1490, 1507 (11th Cir. 1995). Section 1981 also prohibits public employers from terminating contracts on the basis of an employee's race. Ferrill v. Parker Group, Inc., 168 F.3d 468, 472 (11th Cir. 1999); 42 U.S.C. § 1981. Notably, § 1983 provides the exclusive remedy against state actors for violations of the rights contained in § 1981. Butts v. County of Volusia, 222 F.3d 891, 893 (11th Cir. 2000).

In the employment context, §§ 1981 and 1983 claims require the same elements of proof and involve the same analytical framework as Title VII claims. Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 843 n.11 (11th Cir. 2000). Title VII prohibits employers, including county officials, from discriminating on the basis of race, color, or sex in various employment practices. See 42 U.S.C. §§ 2000e(b),

4

2000e-2(a)(1). Under Title VII, plaintiffs bear the burden of proving the employer's unlawful discrimination. Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000).

When evaluating a Title VII claim based on circumstantial evidence, we use the McDonnell Douglas/Burdine framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). Under this framework, the plaintiff must first establish a prima facie case of discrimination. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). The employer then bears the burden of proffering a legitimate and non-discriminatory reason for the employment action, such as the violation of a work rule. See Anderson v. Savage Laboratories, Inc., 675 F.2d 1221, 1224 (11th Cir. 1982); Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1363 (11th Cir. 1999) (discussing work rule defense). If this burden is met, the burden shifts back to the plaintiff to show that the proffered reason was a pretext for discrimination. Anderson, 675 F.2d at 1224.

To show pretext, the plaintiff must "come forward with evidence . . . sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Wascura v. City of S. Miami, 257 F.3d 1238, 1242-43 (11th Cir. 2001). We have stated that for purposes

of summary judgment, an employer's assertion that an employee was fired for violating a work rule is "arguably pretextual when a plaintiff submits evidence (1) that she did not violate the cited work rule, or (2) that if she did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated." Damon, 196 F.3d at 1363. With respect to the former method for proving pretext, the ultimate issue is whether the decisionmaker believed that the employee violated the rule, not whether the employee actually violated the rule. Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991). With respect to the latter method, the quantity and quality of the comparator's misconduct must be "nearly identical" to the plaintiff's. Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). Employees who have committed multiple policy violations are not similarly situated to employees who committed only one such violation. Id. at 1368-69.

We have held that inadmissible hearsay should not be considered in deciding a motion for summary judgment. Macuba v. Deboer, 193 F.3d 1316, 1322-25 (11th Cir. 1999). Hearsay is generally defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). However, the Rules contain a special exclusion from the definition of hearsay for the admissions of party-opponents. Fed.R.Evid. 801(d)(2). A statement qualifies under this exclusion when it is:

(A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .

Id.

First, consistent with Hughes and Reed's position on appeal, we will assume, arguendo, that the comparative evidence contained in the defendants' deposition testimony and in the expert report was properly admissible under Fed.R.Evid. 801(d)(2). Nevertheless, any error was ultimately harmless in light of the district court's alternative finding that the comparative evidence as a whole fell short of establishing discrimination. Further, in its order denying Bush's motion for reconsideration, the court reaffirmed that finding and explicitly stated that it considered all of the comparative evidence in the record, even Bush's deposition testimony. Accordingly, any error concerning the comparative evidence does not warrant a reversal of the court's grant of summary judgment or its denial of reconsideration, since those decisions did not ultimately rest on that basis. See Proctor, 494 F.3d at 1349 n.7.

Second, contrary to Bush's contentions, the court's focus on the original incident report did not reflect an improper weighing of the evidence. Instead, that

7

focus reflected an appropriate conclusion that the report was highly probative on the issue of whether the defendants believed that Bush violated the use-of-force policy. Accordingly, the court did not abuse its discretion in its consideration of the evidence in the record.

With respect to the merits, Bush failed to create a genuine issue of material fact as to whether the defendants' proffered reason for her termination -- her violation of the jail's use-of-force policy -- was a mere pretext. For starters, the district court correctly concluded that Bush failed to establish pretext through her proposed comparators because she lacked crucial information, such as the comparators' disciplinary and employment histories, that were needed in order to prove that they were "similarly situated." Moreover, Bush's attempt to establish pretext by showing that she did not violate the use-of-force policy also fell short. Even if Bush subsequently told the defendants that she sprayed the inmate in order to protect herself, nothing in the record suggested that the defendants did not reasonably terminate her based on the results of their investigation and the account in her initial incident report. Accordingly, the defendants were entitled to summary judgment.

**AFFIRMED.**